## H. S. WILLIAMS *v.* A. S. BENTON.

REFERENCE.— In an equity case, where the trial of an issue of fact is involved, requiring the examination of a long account on either side, the Court may order a reference, with directions to the referee to report upon the account, or any issue of fact involved in the account.

REFEREE—POWER TO APPOINT.—The Court has no power, without the consent of the parties, to order a reference for the trial of any other issue of fact than that involved in the examination of an account in an equity case.

SAME.—The Court has no power, where either of the parties object, to order a reference with directions to the referee to report a judgment.

SAME.—In an action to dissolve a partnership and obtain a settlement of the partnership accounts, the Court has power to order a reference for the trial of all the issues of fact relating to the condition of the partnership accounts, but it has no power, if objection is made, to order a reference of the trial of any other issue or issues in the case, nor to direct the referee to report a judgment.

APPEAL from the District Court, Eleventh Judicial District, Placer County.

The referee reported a judgment in favor of plaintiff. The Court ordered a judgment in accordance with the report, and defendant appealed. The other facts are stated in the opinion of the Court.

*Chas. A. Tuttle,* for Appellant.

*J. E. Hale,* for Respondent.

By the Court, SANDERSON, C. J.

This is an action brought to dissolve a copartnership, and

to obtain a settlement of the partnership accounts. The plaintiff claims to be an equal partner. This is denied by the defendant, who avers that the interest of the plaintiff in the concern is only one third. Whether the plaintiff's interest is one half or one third is the principal issue involved in this case. When the case was called for trial the plaintiff moved for the appointment of a referee to try all the issues, and report a finding and judgment thereon. This motion was resisted by the defendant, but was allowed by the Court, and the case was accordingly referred. The order of reference was excepted to by defendant, who now assigns the same as error.

It is not denied by the appellant that the Court had the power to direct a reference, so far as the issue as to the balance of the partnership account is concerned; but it is claimed that the Court had no power to refer the other issues involved in the case, except upon the agreement or consent of the parties.

The power of the Court to compel a reference is derived from the one hundred and eighty-third section of the Practice Act, and can be exercised only as therein provided. The first subdivision of that section is the one relied on by the respondent as authorizing the order in question, and is in the following language, viz.: "When the trial of an issue of fact requires the examination of a long account on either side—in which case the referees may be directed to hear and decide the whole issue, or report upon any specific question of fact involved therein"— a reference may be ordered. The word "issue" is used twice, and each time in the singular number, and no other issue is mentioned than such as requires the examination of a long account, and no power is given the Court to direct the referee to report a judgment. If there be but one issue in the action, and that issue involves the examination of a long account, the whole case may be sent to a referee; but, even in such a case, he cannot be invested with power to report a judgment. If, however, there are other issues in the case, not involving the examination of a long account, the Court has no compulsory power to send them to a referee for trial.

The character of the issue which may be referred is particu-

larly described, and, by necessary implication, all issues not answering to that description are excluded from the operation of the section. The language is not that the Court may refer all the issues involved in the action, nor that the referee may be directed to try all the issues, but merely that he may try the whole issue—that is to say, the issue already spoken of, and the reference of which has been already authorized.

That it was not the intention to authorize the Court to refer all the issues involved in the action, against the consent of the parties, merely because one of them might involve the examination of a long account, is made more manifest by contrasting the terms of the one hundred and eighty-third section with those of the one hundred and eighty-second.

The latter section provides for the reference of cases upon the agreement or consent of the parties. And the language used is, that the reference may be made "to try any or all of the issues in the action or proceeding, whether of law or fact, and to report a judgment thereon." The language of the one hundred and eighty-third section, on the contrary, is studiously confined to a single issue of the character therein described, and the power of the referee is limited to a decision of that particular issue, or the decision of a specific question involved therein, without any power to report a judgment.

Taking the two sections together, it is clear that it was not the intention of the Legislature to confer compulsory power upon the Court over the question of reference beyond such issues as involve the examination of a long account. Under the Constitution, this section cannot be construed to include issues of that character even in cases in which the parties have a constitutional right to a trial by jury. The present, however, is not one of those cases, and the Court had the power to order a reference of all the issues (if there was more than one) relating to the condition of the partnership accounts; but it had no power to refer the other issues involved in the case, nor to direct the referee to report a judgment.

The conclusion to which we have come upon the order of

reference disposes of the appeal, and makes the consideration of the other assignments of error unnecessary.

The judgment is reversed and a new trial ordered.