[No. 15117. Department Two.—August 31, 1893.]

JOSHUA HENDY MACHINE WORKS, RESPONDENT, *v.* THE PACIFIC CABLE CONSTRUCTION COMPANY, APPELLANT.

REFERENCE OF ACTION FOR BALANCE OF ACCOUNT—CONSENT OF PARTIES—EXCEPTION—WAIVER OF ERROR.—An order by the court in an action to recover a balance of account for goods sold and delivered and work and labor performed, referring the cause to a referee "to state an account between the parties and report a judgment and findings" in the case, is in effect a reference of the whole case for trial, and is not authorized by the code, except upon agreement of the parties; but if the unsuccessful party did not reserve any exception to the order of reference, he cannot urge the error as a ground for the reversal of the judgment by the supreme court.

Id.— Pleading— Admission of Credits— Value of Goods and Labor— Find-
ings Contrary to Admission.— In an action to recover the balance of an
account for goods sold and delivered, and work and labor performed, where the
complaint sets up the credit and debit sides of the account, and alleges that the
defendant has paid a specified sum thereon, the plaintiff cannot recover unless
the agreed price or value of the goods and labor exceeds the amount admitted to
have been paid in the complaint, which admission concludes the plaintiff when
not put in issue by the answer, and findings by the court that the goods and
labor were of less value than alleged, and that the payments were not so large
as alleged in the complaint, are contrary to the admissions of the pleadings, and
cannot support a judgment for the plaintiff for a balance found to be due him.

APPEAL from a judgment of the Superior Court of the City
and County of San Francisco, and from an order denying a new
trial.

The facts are stated in the opinion of the court.

*T. Z. Blakeman,* for Appellant.

*Roger Johnson,* for Respondent.

DE HAVEN, J.— The complaint in this action is in two
counts. In the first it is alleged that the defendant is indebted
to plaintiff in the sum of $4,566.55, "the same being the bal-
ance of an account for goods, wares, and merchandise . . . .
sold and delivered by plaintiff to defendant, and for work and
labor and services performed thereon and in connection there-
with, by plaintiff, at defendant's . . . . request . . . . ; that
the whole amount and aggregate value of the items of said
account is the sum of $35,744.35, no part of which has been
paid except the sum of $31,177.80, leaving the aforesaid bal-
ance of $4,566.55 still due and unpaid." In the statement of
what is termed "a further separate cause of action," the com-
plaint alleges that "plaintiff sold and delivered to defendant
certain goods, wares, and merchandise, and performed work and
labor in connection therewith at defendant's . . . . request, all
of which were of the reasonable value of and at the agreed
price of $35,744.35, which said sum defendant promised and
agreed to pay therefor, but that he has refused and failed to pay
said sum, or any part thereof, except the sum of $31,177.80."
The prayer of the complaint is for a judgment against defend-
ant for the sum of $4,566.55, with interest thereon from June
13, 1890.

The answer of the defendant joined issue with the allegation of the complaint as to the value and agreed price of the goods sold and work and services performed, alleging that the whole value thereof and price agreed to be paid therefor did not exceed $30,000, and further alleged that plaintiff had been fully paid. The plaintiff recovered judgment in the superior court for the sum of $788.54, with interest thereon from the date of the commencement of the action until the rendition of the judgment, amounting in all to $892.85 and costs. The defendant appeals.

1. The order made by the court without the consent of the parties, referring the cause to a referee "to state an account between the parties and report a judgment and findings in said cause," which was in effect a reference of the whole case for trial, was not authorized by section 639 of the Code of Civil Procedure. The action is an ordinary action at law, for the recovery of an alleged indebtedness, and in such cases the court should not make a reference for the trial of all the issues therein, except upon agreement of the parties. (*Seaman* v. *Mariani*, 1 Cal. 336; *Grim* v. *Norris*, 19 Cal. 140; 79 Am. Dec. 206.) But the defendant did not reserve any exception to the order of reference, and not having done so, cannot now insist upon the error of the court in making the order, as a ground for the reversal of the judgment.

2. The defendant further contends that the findings do not support the judgment, and we think this contention must be sustained. The referee found, and upon these findings the court below based its judgment:—

1. That there was a balance of $788.54 due from defendant to plaintiff at the date of the commencement of the action "upon the account for goods, wares, and merchandise theretofore sold and delivered by plaintiff to defendant at the request of the defendant, and for work and labor and services performed thereon and in connection therewith."

2. "That the whole amount and aggregate value of the items of said account is the sum of $26,857.35; that $26,068.81 thereof has been paid; and that said sum of $788.54 . . . . is the balance on said account remaining due and unpaid"; and that plaintiff did not sell and deliver to defendant any goods,

wares, and merchandise, or perform any work and labor in connection therewith, other than as thus found.

The value of the goods and merchandise sold and work and services performed by plaintiff, or the price agreed to be paid therefor, was a material issue in the case; and the plaintiff is not entitled to recover in this action unless such agreed price or value exceeds the amount admitted by the pleadings to have been paid by defendant on account thereof, and the finding of the court is that such agreed price or value is less than the amount of such admitted payments. The further finding of the court that defendant has only paid $26,068.81 on account of the matters alleged in the complaint as constituting plaintiff's cause of action, must be disregarded because such finding is contrary to the admission contained in the pleadings. The plaintiff alleges in the complaint that defendant has paid to it $31,177.80, on account of the matters alleged in the complaint, and that fact not being denied in the answer is conclusive. (*White* v. *Douglass*, 71 Cal. 115; *Hill* v. *Den*, 54 Cal. 6.) But the plaintiff contends that the action is simply one to recover the balance of an account, and that the allegation as to the debit and credit sides of the account is not material. Unquestionably, it is not necessary that there should be such particularity in the statement of a cause of action to recover the general balance alleged to be due upon an account as is found in the complaint here. But it does not follow that such particular allegations when made are to be treated as immaterial and not binding upon the party alleging such facts. On the contrary, we are of the opinion that a statement such as is found in the present complaint, of the amount which defendant has paid on account of the matters therein alleged, is to be treated as an admission of the fact by the plaintiff, and, when not put in issue by the answer, effect must be given to it by the court. The judgment must be reversed and the cause remanded, and the plaintiff should have leave to amend its complaint.

Judgment reversed and cause remanded for a new trial.

FITZGERALD, J., and McFARLAND, J., concurred.

Hearing in Bank denied.