[Civ. No. 59910. Second Dist., Div. Three. Nov. 25, 1980.]

BILL J. BIRD et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
KLK DEVELOPMENT COMPANY, Real Party in Interest.

COUNSEL

Bushkin, Kopelson, Gaims, Gaines & Wolf, John Gaims and Jay S. Kenoff for Petitioner.

No appearance for Respondent.

Prince, Beck, Littenberg & Warner, Scott J. Tepper and Franklin R. Garfield for Real Party in Interest.

OPINION

**POTTER, Acting P. J.**—Petitioners Bill J. Bird and Bill J. Bird Development Company are defendants and cross-complainants in a civil

action in which real party in interest KLK Development Company is plaintiff and cross-defendant. Petitioners seek a writ of mandate or prohibition requiring respondent Superior Court of Los Angeles County to vacate and set aside its order of May 23, 1980, appointing the Honorable Joseph A. Wapner, retired judge of respondent court, "as referee to hear and determine the issues presented by [a pending] discovery motion and any future discovery motions in this matter." Said order further provided: "The fees and expenses of the referee are to be borne equally by the parties as an initial proposition and thereafter can be taxed as costs." On a motion for clarification, the court on July 2, 1980, modified the order with respect to fees and expenses so as to provide that the costs should be initially imposed upon the party designated by the referee subject to later being taxed as costs.

The minute order recording the appointment of the referee states that it is made "[i]n light of the continuing dispute and the inability of counsel to get along with each other,..." The background of this observation was the failure of counsel to narrow the issues presented by cross-motions to compel production of documents in respect of which the court had issued a form "Order re Opposed Motions and Objections Involving Discovery" which required counsel "to meet and confer...in a good faith attempt to eliminate or narrow the difference between them" and "[i]n the event all differences are not eliminated as a result of such good faith meeting,...to prepare and to sign *jointly* a single document setting forth" the matters remaining in controversy. Counsel for both parties accused each other of refusing to comply with this order as construed by them.

An alternative writ was issued by this court pursuant to a directive of our Supreme Court so requiring. No written return has been received from respondent court but real party in interest has filed a written return opposing the issuance of a peremptory writ.

The issue presented in this proceeding is whether the superior court has power to refer all discovery motions in a pending action to a referee "to hear and determine the issues presented."

The term "referee" has more than one meaning. As used in the discussion to follow, it means a person to whom a reference is made pursuant to chapter 6 of title 8 of part 2 of the Code of Civil Procedure (§ 638 et seq.). Such referees need not be subordinate judicial officers

of the court (such as commissioners, probate or juvenile referees employed by the court) and in this case the referee appointed is not acting in such capacity. We need not, therefore, consider the question whether hearing and determination of discovery matters is a "'subordinate' judicial task" which may be delegated to a subordinate judicial officer pursuant to California Constitution, article VI, section 22. (See *In re Kathy P.* (1979) 25 Cal.3d 91, 98 [157 Cal.Rptr. 874, 599 P.2d 65].)[1] Regardless of his qualifications, Retired Judge Wapner was acting in the capacity in which any "person competent as a juror" (Code Civ. Proc., § 641) might serve.

The authority of the court to make such a reference is defined and limited by Code of Civil Procedure sections 638 and 639. Those sections provide: "A reference may be ordered upon the agreement of the parties filed with the clerk, or judge, or entered in the minutes or in the docket:

"1.  To try any or all of the issues in an action or proceeding, whether of fact or of law, and to report a finding and judgment thereon;

"2.  To ascertain a fact necessary to enable the court to determine an action or proceeding." (§ 638.)

"When the parties do not consent, the court may, upon the application of either, or of its own motion, direct a reference in the following cases.

"1.  When the trial of an issue of fact requires the examination of a long account on either side; in which case the referees may be directed to hear and decide the whole issue, or report upon any specific question of fact involved therein;

"2.  When the taking of an account is necessary for the information of the court before judgment, or for carrying a judgment or order into effect;

"3.  When a question of fact, other than upon the pleadings, arises upon motion or otherwise, in any stage of the action;

---

[1]We note, however, in this connection that a discovery motion under Code of Civil Procedure section 2034, subdivision (d), may result in a contested dismissal of the entire action as a discovery sanction. (*Deyo* v. *Kilbourne* (1978) 84 Cal.App.3d 771, 786 [149 Cal.Rptr. 499].)

"4. When it is necessary for the information of the court in a special proceeding." (§ 639.)

In *Williams v. Benton* (1864) 24 Cal. 424, 425-426, our Supreme Court construed the corresponding substantially identical provisions of sections 182 and 183 of the Practice Act. A reference made without consent of both parties in a suit to dissolve a partnership and settle the partnership account which empowered the referee to "try all the issues, and report a finding and judgment thereon" was held beyond the power of the court. (*Id.*, at p. 425.) There were issues other than "the condition of the partnership accounts" (*id.*, at p. 426) (e.g., what the respective partners' shares were). The Supreme Court said (*id.*, at pp. 425-426): "The power of the Court to compel a reference is derived from the one hundred and eighty-third section of the Practice Act, and can be exercised only as therein provided. . . .

"The character of the issue which may be referred is particularly described, and, by necessary implication, all issues not answering to that description are excluded from the operation of the section."

The lack of power to refer issues beyond those specified in section 639 without consent of the parties was again noted in *Hendy Machine W. v. Pac. C. C. Co.* (1893) 99 Cal. 421, 423 [33 P. 1084].

In like fashion in *Barker Bros., Inc. v. Coates* (1931) 211 Cal. 756, 758 [297 P. 8], the court construed subdivision 1 of section 639 as authorizing a compulsory reference only of "the whole issue involved in the accounting" and not of the whole issue of the case.

■ Another limitation applicable to special references of specific issues under Code of Civil Procedure section 639 is that the report and findings of the referee are advisory only, comprise recommendations to the court on the specific issues referred and become effective only when approved by the trial court. In *Holt v. Kelly* (1978) 20 Cal.3d 560, 562-563 [143 Cal.Rptr. 625, 574 P.2d 441], our Supreme Court said in this respect: "In contrast to a general reference, which is permitted only by consent of the parties (Code Civ. Proc., §§ 638, subd. 1, 644), a special referee's findings are not binding, and are properly characterized as advisory only. (*Ellsworth v. Ellsworth* (1954) 42 Cal.2d 719, 722-723 [269 P.2d 3]; *Dynair Electronics, Inc. v. Video Cable, Inc.* (1976) 55 Cal.App.3d 11, 20 [127 Cal.Rptr. 268].)"

*Ellsworth* v. *Ellsworth* (1954) 42 Cal.2d 719, 723 [269 P.2d 3], cited in *Holt*, states that "the report of the referee does not become the decision of the court without further action by the trial judge." In *Dynair Electronics, Inc.* v. *Video Cable, Inc.* (1976) 55 Cal.App.3d 11, 20 [127 Cal.Rptr. 268], also cited in *Holt*, the court said: "In a special reference, the referee's findings of fact are binding only if so accepted by the trial court and are accurately characterized as advisory (*Ellsworth* v. *Ellsworth, supra*, 42 Cal.2d 719, 722). If a special referee's findings are accepted by the trial court, they are treated as a special verdict (Code Civ. Proc., § 645)."

■ The trial court's order for reference in this case exceeds the limits of the court's power as above delineated. Petitioner did not consent thereto; consequently, the only authority for the reference was Code of Civil Procedure section 639. It is obvious that there is no authority for any such reference in subdivisions 1, 2 or 4 of section 639; the case does not involve: (1) the trial of any issue of fact requiring examination of a long account, or (2) the necessity for the taking of an account for the information of the court before judgment or for carrying the judgment or order into effect, nor (3) is the main action a special proceeding. There remains subdivision 3 which authorizes a reference "[w]hen a *question of fact*, other than upon the pleadings, arises upon motion or otherwise, in any stage of the action." (Italics added.) Questions of fact which qualify as "other than upon the pleadings" may arise upon discovery motions. A reference might be proper for the purpose of obtaining a report and recommended findings with respect to such a fact issue which, upon adoption by the court, could become the basis of a discovery order. Under the rule stated in *Williams* v. *Benton, supra*, 24 Cal. 424, however, the only issues authorized to be submitted under subdivision 3 are fact issues ("a question of fact").

The challenged order is much broader in scope. It authorizes the referee to "hear and determine the issues presented by [the pending] discovery motion and any future discovery motions." The pending motion involved issues of law as well as issues of fact. Future motions might involve either or both such issues. Furthermore, by providing that the referee shall "hear and determine the issues," the order appears to make the referee's disposition thereof determinative, rather than advisory only as required by the above authorities. In both respects the court clearly exceeded its authority. The order must therefore be annulled.

Let a peremptory writ issue directing respondent court to vacate its order of May 23, 1980, appointing the Honorable Joseph A. Wapner, retired judge, as referee to hear and determine the issues presented by discovery motions.

Cobey, J., and Allport, J., concurred.