[No. G010381. Fourth Dist., Div. Three. June 24, 1991.]

INTERNATIONAL JET SKI BOATING ASSOCIATION, INC.,
Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
TONY PARKER, Real Party in Interest.

## COUNSEL

Hill, Genson, Even, Crandall & Wade and Janet M. Oldfield for Petitioner.

Terry C. Andrus, County Counsel, and Stefen H. Weiss, Deputy County Counsel, for Respondent.

Charles S. LiMandri and Mariam E. Djavaherian for Real Party in Interest.

## OPINION

**WALLIN, J.**—Petitioner International Jet Ski Boating Association, Inc., seeks a writ of mandate to compel the Orange County Superior Court to vacate its order denying summary judgment and to reconsider the motion. At issue is the propriety of referring a summary judgment motion to a court commissioner, whose findings and report were then adopted by the judge.

I

The real party in interest, Tony Parker, sued petitioner for negligence for injuries he suffered in a jet ski race at Lake Mead. In December 1989, Commissioner Ronald Bauer heard the parties' cross-motions for summary

judgment or summary adjudication, sitting as a temporary judge by stipulation of the parties. The primary issue was the validity of a purported release from liability in favor of petitioner. Commissioner Bauer treated the motions as motions for judgment on the pleadings and granted judgment in favor of petitioner, while allowing the real party in interest leave to amend to assert a cause of action based on breach of contract. Thereafter, a first amended complaint was filed, alleging, inter alia, petitioner had failed to comply with its "contract" in sanctioning the race at which the real party in interest was injured.

Petitioner successfully demurred to two of the three causes of action alleged in the first amended complaint. That motion was also heard by Commissioner Bauer, again sitting as a temporary judge by stipulation of the parties. Petitioner then filed a motion for summary judgment on the breach of contract claim, the only surviving cause of action. That motion was also assigned to Commissioner Bauer, but petitioner refused to stipulate to him as a temporary judge.

The parties were directed to Department 1 of the Orange County Superior Court, Judge James L. Smith presiding. Judge Smith ordered the matter returned to Commissioner Bauer's courtroom and directed the commissioner to make a report and recommendations under section 259 of the Code of Civil Procedure.[1] Petitioner's counsel objected and explained her disagreement with the commissioner's prior rulings. Counsel's objections were overruled and the parties argued the motion before Commissioner Bauer. He later filed a written report with Judge Smith recommending the motion be denied. Petitioner did not file any exceptions to the report, as allowed by section 259, subdivision (b). Judge Smith "accepted, approved, and adopted" the commissioner's report and denied the motion. The minute order also noted, however, the judge had considered the commissioner's report, as well as the moving and opposition papers filed by counsel.

Petitioner unsuccessfully sought immediate extraordinary relief from this court. The California Supreme Court, however, granted its petition for review and transferred the matter to this court with directions to issue an alternative writ and place the matter on calendar, which we did.

## II

The exhibits accompanying the writ petition establish the superior court judge referred the summary judgment motion to the commissioner under

---

[1] All statutory references are to the Code of Civil Procedure.

section 259. That section provides: "Subject to the supervision of the court every court commissioner shall have power to do all of the following: . . . (b) Take proof and make and report findings thereon as to any matter of fact upon which information is required by the court. Any party to any contested proceeding may except to the report and the subsequent order of the court made thereon within five days after written notice of the court's action. . . . After a hearing before the court on the exceptions, the court may sustain, or set aside, or modify its order." (§ 259, subd. (b).)

Commissioner Bauer had heard two prior motions on this case under a different subdivision of that same code section, which authorizes a commissioner to "[a]ct as temporary judge when otherwise qualified so to act and when appointed for that purpose, or by written consent of an appearing party." (§ 259, subd. (e).) Regardless of the parties' "written consent" to hear the two prior motions, the status of temporary judge is indeed temporary. No one suggests petitioner was bound by its earlier consent to agree to Commissioner Bauer on any future motions.

The real party in interest suggests the court's assignment to the commissioner was actually a general reference under section 638. That section, however, requires the consent of the parties. (*Bird* v. *Superior Court* (1980) 112 Cal.App.3d 595, 600 [169 Cal.Rptr. 530].) Moreover, the court's minute order specifically states the referral to Commissioner Bauer was made under section 259.

The only question is whether a section 259 referral is appropriate for a report and recommendation on a pending motion for summary judgment or summary adjudication. We are bound by the plain language of the statute which empowers the commissioner, on referral, to "[t]ake proof and make and report findings thereon as to *any matter of fact* upon which information is required by the court." (§ 259, subd. (b), italics added.)

Contrary to respondent's argument, a summary judgment motion does not involve matters of fact. Rather, a ruling on summary judgment is a question of law, not fact. The legal question is whether triable issues exist. "Accordingly, the function of the trial court in ruling on a motion for summary judgment is merely to determine whether such issues of fact exist, and not to decide the merits of the issues themselves." (*Molko* v. *Holy Spirit Assn.* (1988) 46 Cal.3d 1092, 1107 [252 Cal.Rptr. 122, 762 P.2d 46].) Stated another way, "[t]he function of the trial court is issue finding, not issue determination." (*Gigax* v. *Ralston Purina Co.* (1982) 136 Cal.App.3d 591, 597 [186 Cal.Rptr. 395]; see also *Church* v. *Arko* (1977) 75 Cal.App.3d 291, 295 [142 Cal.Rptr. 92].) Respondent urges we view the commissioner's

report as an acknowledgment of triable issues of fact, because it discusses the facts. Respondent also concludes the commissioner's legal conclusion that triable issues of fact exist, is "pure surplusage."

The commissioner's authority under section 259 is to take proof on matters of fact and report findings thereon. Taking proof and making findings on factual matters is inappropriate on a motion for summary judgment or summary adjudication. The court's function is limited to determining only whether factual issues exist. For that purpose, a referral to a court commissioner is inappropriate, absent the parties' stipulation.

We need not determine whether petitioner's failure to file formal exceptions to the commissioner's report "waived" any claimed error. The referral itself was an unauthorized delegation of a judicial function which results in "nonwaivable jurisdictional error." (*Aetna Life Ins. Co.* v. *Superior Court* (1986) 182 Cal.App.3d 431, 436 [227 Cal.Rptr. 460].)

Let a peremptory writ issue directing respondent superior court to vacate its order of November 14, 1990, denying the motion for summary judgment or summary adjudication, and to vacate its order of November 1, 1990, referring the motion to Commissioner Bauer, and to reconsider petitioner's motion in accordance with this opinion.

Sills, P. J., and Crosby, J., concurred.