[No. B075592. Second Dist., Div. One. Oct. 28, 1993.]

MARATHON NATIONAL BANK et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
RICHARD CAMPBELL, Real Party in Interest.

**COUNSEL**

David B. Bloom for Petitioners.

No appearance for Respondent.

Lang, Hanigan & Carvalho and John D. Lang for Real Party in Interest.

## OPINION

**VOGEL (Miriam A.), J.**—The question in this case is whether a trial court must hold a hearing before acting upon a discovery referee's report. We hold that the trial court must independently consider the referee's findings and any objections submitted by the parties before accepting or rejecting the referee's recommendations but that this may be done in whatever manner the trial court deems appropriate under the circumstances, with or without a hearing.

### BACKGROUND

Richard Campbell sued Marathon National Bank (and some individually named officers and other employees), claiming his employment had been wrongfully terminated. Marathon answered and discovery proceeded apace, followed by a series of schoolyard squabbles, motions for orders compelling one thing or another and requests for sanctions. At Marathon's request, the trial court appointed a retired judge (Hon. Richard P. Byrne) as a referee to resolve all discovery disputes, those then existing and those which would inevitably arise in the future. (Code Civ. Proc., § 639, subd. (e).)[1]

Among other things, the order appointing Judge Byrne directed him to submit a written report to the trial court with specific recommendations and permitted the parties to file objections to the report, with copies to be served upon each other and upon the referee. The order also provided: "The Court may then set a hearing on the matters of objections, fees or sanctions. Such hearing may be waived by the parties in writing, filed with the clerk of the Court; in such event, the Court will determine these matters based on the written objections, any responses, the report [and] any supplemental report of the referee."[2]

Judge Byrne held hearings, prepared a report, served it on the parties and submitted it to the trial court. In turn, Marathon filed and served objections to the report, Campbell filed and served a response, Marathon filed and served a reply, and the trial court issued an order overruling Marathon's objections, approving the report and signing the order submitted by Judge Byrne. Although Marathon's objections included a request for a hearing, none was held.

Disagreements about who had the right to do what to whom continued and the parties had a "telephonic discovery hearing" with Judge Byrne, who then

---

[1] All section references are to the Code of Civil Procedure.

[2] Marathon does not contend this language in the order granted rights over and above those granted by the statute, and we therefore express no opinion about whether the order might be construed to confer a right to a hearing.

submitted another order to the trial court, which was followed by more objections from Marathon (which again included a request for a hearing). Without holding a hearing, the trial court issued a clarifying order which essentially gave Campbell what he wanted and ordered Marathon to pay the referee's fees.

Marathon then filed a petition for a writ of mandate, asking us to intervene to direct the trial court to vacate its orders adopting Judge Byrne's recommendations, on the ground the trial court was required to but did not hold a hearing before ruling on Marathon's objections. Marathon also asks us to reallocate the referee's fees so that Campbell is required to share in the expense. We issued an order to show cause and set the matter for argument so we could put to rest the dispute about whether a hearing is mandatory.

## DISCUSSION

### I.

Marathon contends the statutory scheme which permits the appointment of a discovery referee compels the trial court to hold a hearing to consider objections to the report. We disagree.

### A.

### *The Statutory Scheme*

When the parties agree (by contract or in court at the time of the dispute) to have a referee try any or all of the issues or ascertain one or more facts, the appointment of the referee is made pursuant to section 638. But even "[w]hen the parties do not consent, the court may, upon the application of any party, or of its own motion, direct a reference . . . [w]hen the court in any pending action determines in its discretion that it is necessary for the court to appoint a referee to hear and determine any and all discovery motions and disputes relevant to discovery in the action and to report findings and make a recommendation thereon." (§ 639, subd. (e).) Under section 645, the decision of the referee "may be excepted to and reviewed in like manner as if made by the court. When the reference is to report the facts, the decision reported has the effect of a special verdict." (See *Martino v. Denevi* (1986) 182 Cal.App.3d 553, 557 [7 Cal.Rptr. 354] [construing a former but similar version of section 645 to apply to objections raised in proceedings held before the referee, in the nature of a request for reconsideration, rather than objections to the trial court or a reviewing court about the referee's report].)

To state the obvious, the statutory scheme does not expressly require that a hearing be held before the trial court accepts or rejects a referee's report.

## B.

### The Cases

Although a few cases have danced around the issue, no published decision has ever held that, as a matter of law, a hearing must be held before a referee's report is approved or rejected.

In *Aetna Life Ins. Co.* v. *Superior Court* (1986) 182 Cal.App.3d 431 [227 Cal.Rptr. 460], the trial court ignored the limitations of the reference statute and delegated to a referee the power to decide a motion for summary judgment. When the losing party objected to the referee's "recommendation" and requested a hearing on the referee's report, the trial court refused to hold a hearing and simply made an order accepting the report. (*Id.* at p. 434.) Not surprisingly, the Court of Appeal concluded that, absent the express stipulation of the parties, (1) the trial court had no power to assign a summary judgment motion to a referee, (2) the referee had no authority to decide the motion, (3) the trial court had abdicated its judicial responsibility by simply entering judgment on the referee's report as though it were a binding decision of the court itself, and (4) the order purporting to confirm the referee's decision had to be vacated. (*Id.* at pp. 435-436.)

The fact that the trial court refused to hold a hearing was legally irrelevant to the Court of Appeal's decision and that decision, in turn, is therefore irrelevant to the issue before us—except to the extent it condemns, as an abdication of judicial responsibility, the entry of judgment on a referee's report "as though it were a binding decision of the court itself" without any independent consideration of the matter by the court. (182 Cal.App.3d at p. 436.)[3]

In *Sauer* v. *Superior Court* (1987) 195 Cal.App.3d 213 [240 Cal.Rptr. 489], the plaintiff contended the trial court had adopted a discovery referee's

---

[3]In *Bird* v. *Superior Court* (1980) 112 Cal.App.3d 595 [169 Cal.Rptr. 530] (which was decided before the addition of subd. (e) to § 639), the Court of Appeal overturned a reference order designating a retired judge "to hear and determine" the issues presented by a pending discovery motion "and any future discovery motions in this matter." (112 Cal.App.3d at p. 597.) In addition to the fact that the order did not fall within the language of any of the subdivisions of section 639 as it existed prior to the addition of subdivision (e), it also "appear[ed] to make the referee's disposition . . . determinative, rather than advisory . . . ." (112 Cal.App.3d at p. 600.) For our purposes, the holding in *Bird* is the same as the holding in *Aetna*—a discovery referee's report is advisory, not determinative, and the trial court must do something more than rubber stamp the referee's findings.

report without a "full hearing on the merits," thus depriving the plaintiff of his due process rights. (*Id.* at p. 225.) The problem with the argument was that it was belied by the record—the trial court had, in fact, held a hearing on the plaintiff's objections, thus allowing the Court of Appeal to conclude that, "in hearing the matter and independently reviewing the referee's order, [the trial judge] did not abdicate his judicial responsibility." (*Id.* at p. 226.)

Considered together, these cases teach that a discovery referee's report is advisory, not determinative, and that the trial court must independently consider the referee's findings before acting upon the referee's recommendations. One way to do this is to hold a hearing but a hearing is not required as a matter of law. In an exercise of its discretion, the trial court may consider the matter as the circumstances dictate. It follows that where, as here, the trial court's orders demonstrate a considered and careful review not only of the referee's report but also of the transcript of the proceedings held before the referee, and of the stacks of objections, responses, replies and other papers filed after the referee's report was submitted, we are able to say with confidence that the trial court did not abdicate its judicial responsibilities. (See *People* v. *Risenhoover* (1968) 70 Cal.2d 39, 57 [73 Cal.Rptr. 533, 447 P.2d 925] [there is a presumption on appeal that the trial court does what it is supposed to do and reversal is inappropriate unless the record affirmatively shows the trial court misconstrued its powers].)[4]

II.

*Allocation of the Referee's Fees*

We summarily reject Marathon's suggestion that Campbell should be compelled to pay a portion of the referee's fees. Under section 645.1, the trial court may, at the time the referee is appointed, order the parties to pay the referee's fees "in any manner determined by the court to be fair and reasonable, including an apportionment of the fees among the parties." When Judge Byrne was appointed, the trial court ordered Marathon, "having requested appointment of [the] referee," to pay the referee's fees, subject to later reallocation based on the referee's recommendations. The referee made his recommendations, the trial court agreed and the fees at this stage remain

---

[4]In Bigelow and Chernick, *Practice Before A Discovery Referee—Strategies and Tactics for Litigators* (Mar. 1992) L.A.Law., at pages 30-32, the authors assert "there must be a hearing by the court of any objections to the findings and report of the referee before the court may adopt as the decision of the court any part or all of the findings of the report." No authority is cited for this conclusion, although the article does cite the cases we have discussed above for its subsequently stated proposition that the record must show the trial court's independent consideration of the matter. At the risk of understatement, we note our disagreement with the assertion that a hearing "must" be held.

the obligation of Marathon, a result fully supported by the record. But for Marathon's hardball discovery tactics, these expenses would never have been incurred.

We also reject as specious Marathon's suggestion that *Solorzano* v. *Superior Court* (1993) 18 Cal.App.4th 603 [22 Cal.Rptr.2d 401] compels a different result. The fact that an indigent party who objects to the appointment of a discovery referee cannot be compelled to pay the referee's fees has nothing to do with the determination whether a bank can be compelled to pay for the referee whose appointment the bank requested.

DISPOSITION

The petition is denied.

Ortega, Acting P. J., and Masterson, J., concurred.

A petition for a rehearing was denied November 19, 1993, and petitioners' application for review by the Supreme Court was denied February 3, 1994.