[No. H032755. Sixth Dist. Mar. 26, 2009.]

ADAM SWIFT et al., Petitioners, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent;
MOIRA MITCHELL et al., Real Parties in Interest.

■■■■■■■■

■■■■■■■■

■■■■■■■■

COUNSEL

Gates, Eisenhart & Dawson and Marc A. Eisenhart for Petitioners.

No appearance for Respondent.

Law Offices of Maynard & Hogan and Douglas Scott Maynard for Real Parties in Interest.

## OPINION

**MIHARA, Acting P. J.**—Petitioners Adam and Megan Swift filed a peremptory challenge pursuant to Code of Civil Procedure section 170.6[1] seeking to disqualify Judge Socrates Peter Manoukian. Judge Manoukian struck the peremptory challenge on the ground that he had previously "made a determination of contested fact issues relating to the merits." (See § 170.6, subd. (a)(2).) Because Judge Manoukian's only factual determinations were made in connection with discovery motions and did not relate to the merits of the case, we conclude that he erred in striking the challenge. We therefore grant the petition for a writ of mandamus directing respondent Santa Clara County Superior Court to vacate the March 21, 2008 order striking the peremptory challenge.

## I. Background

Petitioners are plaintiffs and cross-defendants (hereafter plaintiffs) in a civil action involving a landlord-tenant dispute. They allege fraud, breach of contract, and statutory violations, and they seek the return of a security deposit pursuant to the terms of a residential lease. Real parties in interest Kenton and Moira Mitchell are defendants and cross-complainants (hereafter defendants) in the action and allege that plaintiffs damaged their property.

In 2007, defendant Kenton Mitchell filed a motion to compel further answers to his requests for admissions and form interrogatories. Judge

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise noted.

Manoukian found that, after the filing of the motion to compel, plaintiffs had filed further responses which satisfied defendant Kenton Mitchell as to the requests for admissions and all but one of the form interrogatories. As to these, Judge Manoukian denied the motion to compel as moot. As to form interrogatory No. 9.1, Judge Manoukian found that the motion was timely and the interrogatory was unambiguous. He granted the motion to compel as to that interrogatory and ordered plaintiffs to respond within 20 days. Judge Manoukian concluded that defendant Kenton Mitchell was entitled to $2,240 in sanctions against plaintiffs and their counsel because his motion had been needed to obtain further responses from plaintiffs, even if most of those responses were provided without a court order. Judge Manoukian denied plaintiffs' request for sanctions on the same basis. Defendant Kenton Mitchell filed a second discovery motion while the first was pending, seeking to compel further responses to form interrogatories. Judge Manoukian heard argument on the second motion on March 14, 2008, but has not yet issued an order.

Meanwhile, on February 14, 2008, plaintiffs filed a motion for a protective order relating to defendant Kenton Mitchell's special interrogatories. Pursuant to plaintiffs' accompanying ex parte application, Judge Manoukian stayed discovery responses pending resolution of the motion for a protective order and set the motion for hearing on March 28, 2008. On February 25, 2008, plaintiffs filed a separate motion for a protective order relating to defendant Moira Mitchell's special interrogatories. This motion also was set for hearing on March 28.

On March 19, 2008, nine days prior to the scheduled hearing on the motions for protective orders, plaintiffs filed a peremptory challenge seeking to disqualify Judge Manoukian pursuant to section 170.6, subdivision (a)(2). Two days later, Judge Manoukian issued an order striking the peremptory challenge on the ground that he had "presided at or acted in connection with a pretrial conference or other hearing and made a determination of contested fact issues relating to the merits."

On March 26, 2008, plaintiffs filed a timely petition for writ of mandamus in this court. Plaintiffs requested, and this court issued, a temporary stay of the lower court proceedings. After requesting and receiving preliminary opposition, this court issued an order to show cause. Defendants thereafter filed a return, and plaintiffs filed a reply.

## II. Discussion

### A. Standard of Review

■ "The determination of the question of the disqualification of a judge is not an appealable order and may be reviewed only by a writ of mandate from the appropriate court of appeal sought only by the parties to the proceeding. The petition for the writ shall be filed and served within 10 days after service of written notice of entry of the court's order determining the question of disqualification." (§ 170.3, subd. (d); see *Zilog, Inc. v. Superior Court* (2001) 86 Cal.App.4th 1309, 1315 [104 Cal.Rptr.2d 173] (*Zilog*).) The Courts of Appeal have reached varying conclusions regarding the appropriate standard of review of the denial of a peremptory challenge. In *Zilog*, for instance, the court reviewed the trial court's order for abuse of discretion and noted that "[a] trial court abuses its discretion when it erroneously denies as untimely a motion to disqualify a judge pursuant to section 170.6." (*Zilog*, at p. 1315; see also *Jonathon M. v. Superior Court* (2006) 141 Cal.App.4th 1093, 1098 [46 Cal.Rptr.3d 798] [applying abuse of discretion standard].) Other courts have observed that, "[i]n deciding a section 170.6 motion, the trial court has no discretion" so it is "appropriate to review a decision granting or denying a peremptory challenge under section 170.6 as [a question] of law" using the "nondeferential de novo standard." (*Ziesmer v. Superior Court* (2003) 107 Cal.App.4th 360, 363 [132 Cal.Rptr.2d 130]; see also *Jane Doe 8015 v. Superior Court* (2007) 148 Cal.App.4th 489, 493 [55 Cal.Rptr.3d 708] (*Jane Doe*) [applying independent standard of review].) Because the court's order in this matter turns on the application of the statute to undisputed facts, we find the de novo standard of review appropriate. (See *Jane Doe*, at p. 493.) Under either standard, however, we find error.

### B. Analysis

■ "Section 170.6 permits a party in civil and criminal actions to move to disqualify an assigned trial judge on the basis of a simple allegation by the party or his or her attorney that the judge is prejudiced against the party. Various restrictions on the timing of the motion are imposed by this statute, and a party may exercise such a challenge only once during the trial of an action or a special proceeding. A motion that conforms to all the requirements of section 170.6, however, must be granted." (*Peracchi v. Superior Court* (2003) 30 Cal.4th 1245, 1248–1249 [135 Cal.Rptr.2d 639, 70 P.3d 1054].) In other words, "[b]y enacting section 170.6, the Legislature *guaranteed* litigants the right to automatically disqualify a judge based solely on a good faith belief in prejudice; proof of actual prejudice is not required." (*Stephens v. Superior Court* (2002) 96 Cal.App.4th 54, 62 [116 Cal.Rptr.2d 616], original italics.)

■ At issue here is one of the limited exceptions to automatic disqualification. "[A]n otherwise timely peremptory challenge must be denied if the judge has presided at an earlier hearing which involved a determination of contested factual issues relating to the merits." (*Grant v. Superior Court* (2001) 90 Cal.App.4th 518, 525 [108 Cal.Rptr.2d 825].) "Only a hearing which involves a determination of contested factual issues relating to the merits will have this preclusive effect. . . . [T]he fact that a judge has presided at ' "a pretrial conference or other hearing, proceeding or motion prior to trial and not involving a determination of contested fact issues relating to the merits shall not preclude the later making of the motion provided for herein." ' " (*Zilog, supra*, 86 Cal.App.4th at p. 1317; see § 170.6, subd. (a)(2).)

"Most pretrial motions are decided without a determination of contested facts related to the merits of the case." (*School Dist. of Okaloosa County v. Superior Court* (1997) 58 Cal.App.4th 1126, 1133 [68 Cal.Rptr.2d 612] (*Okaloosa*).) Such motions include a motion to set aside an indictment, a motion for judgment on the pleadings, a motion for a continuance, a motion to amend the information, a motion for summary judgment, and an ex parte application for a temporary restraining order. (See *ibid.* [listing cases].) The discovery proceedings in this case are akin to these pretrial motions for purposes of section 170.6. Although discovery motions may involve disputed issues of fact, the factual issues relate solely to the scope of discovery and do not require the trial court to decide factual issues *relating to the merits of the action.* (See *Guardado v. Superior Court* (2008) 163 Cal.App.4th 91, 98–100 [77 Cal.Rptr.3d 149] [holding that the trial court's prior ruling on a motion seeking pretrial punitive damages discovery does not bar a § 170.6 peremptory challenge because the trial court, in ruling on such a motion, does not "resolve or determine contested issues of fact [*on*] the merits of the claim"].)

Those pretrial proceedings that have been found to involve the merits of the case—such as a motion for summary adjudication of a " 'make or break' " issue involving contract interpretation (*California Fed. Sav. & Loan Assn. v. Superior Court* (1987) 189 Cal.App.3d 267, 271 [234 Cal.Rptr. 413]) or a suppression motion in a criminal proceeding (*In re Abdul Y.* (1982) 130 Cal.App.3d 847, 861 [182 Cal.Rptr. 146] (*Abdul Y.*))—are clearly distinguishable. (See generally *Okaloosa, supra*, 58 Cal.App.4th at p. 1133 [listing cases].) In regard to a motion to suppress a confession, for instance, the court presides over a "contested pretrial factual hearing to determine the admissibility of incriminating evidence" which "necessarily involves an adjudication that is of consequence to the determination of the legal guilt or innocence of the accused." (*Abdul Y.*, at pp. 859–860; see also *Briggs v. Superior Court* (2001) 87 Cal.App.4th 312, 317 [104 Cal.Rptr.2d 445] [ruling on motion to exclude a "report and testimony from the probable cause hearing related to the merits because granting it would have made more difficult the People's

sustaining their burden of proof at the probable cause hearing" in a sexually violent predator action].) A suppression hearing in the criminal context is not a routine pretrial matter, but resembles the full trial in that there is live testimony and cross-examination of sworn witnesses and the " 'ultimate issue depends in most cases upon the trier of fact's evaluation of the evidence,' " including credibility. (*Abdul Y.*, at p. 860.) A motion to compel discovery responses to interrogatories and requests for admission does not require a similar evaluation of evidence that relates directly to the merits of the case. Motions to compel responses (or for a protective order) instead involve only the resolution of issues related to the propriety and adequacy of the discovery requests and responses and the parties' conduct in the discovery process. (See, e.g., § 2030.300 [listing grounds for compelling further responses to interrogatories such as "evasive or incomplete" answers and meritless or overly general objections]; § 2030.090 [listing grounds for a protective order, including "unwarranted annoyance" and "undue burden and expense"].)

In striking plaintiffs' peremptory challenge, Judge Manoukian relied upon *Bird v. Superior Court* (1980) 112 Cal.App.3d 595 [169 Cal.Rptr. 530] (*Bird*). *Bird* is inapposite. It did not involve a section 170.6 challenge and held only that discovery motions involve issues of fact. (*Bird*, at p. 600 ["Questions of fact which qualify as 'other than upon the pleadings' may arise upon discovery motions."].) The *Bird* court did not find that discovery motions necessarily involve contested factual issues that relate to the merits of the case.

■ Defendants cite several cases in support of the broad argument that, because discovery motions involve the determination of facts "related in some way to the ultimate claims," a ruling on such a motion precludes a later peremptory challenge.[2] Defendants' argument is unpersuasive. Prior to the section 170.6 motion in *Conn v. Superior Court* (1987) 196 Cal.App.3d 774, 780–783 [242 Cal.Rptr. 148] (*Conn*), the court had ordered the plaintiff in an employment action to return privileged documents taken at his departure from the company. It does not appear that the court's action was precipitated by a motion to compel discovery responses pursuant to the Civil Discovery Act (§ 2016.010 et seq.), but instead that it was based on an alleged "misappropriat[ion]" of the documents. (See *Conn*, at p. 780.) The court had also

---

[2] We summarily reject defendants' contention that the challenge was brought in bad faith and, on that basis, should be denied. Not only was this not the basis for the court's striking of the challenge, but evidence of bad faith has been rejected as a valid basis for denying an otherwise timely section 170.6 challenge. (See *Okaloosa, supra,* 58 Cal.App.4th at pp. 1136–1137 [good faith of party or party's attorney is irrelevant to an appellate court's determination regarding a timely § 170.6 motion].) Defendants point to no legal authority to the contrary. (See *Johnson v. Superior Court* (1958) 50 Cal.2d 693, 697 [329 P.2d 5] [noting only that § 170.6 "requires that the party or his attorney show good faith by declaring under oath that the judge is prejudiced"].)

imposed sanctions for the plaintiff's conduct and initiated contempt proceedings for failure to comply with the order. (*Conn*, at pp. 780–783.) Upon the commencement of the contempt hearing, the plaintiff sought to disqualify the presiding judge. (*Conn*, at p. 786.) The appellate court rejected this attempt as the judge had previously ruled on the merits of that portion of the action. (*Ibid.*) Unlike the situation in *Conn*, the only motions ruled upon by Judge Manoukian here were routine discovery motions. The motions for a protective order are distinct from the earlier discovery matters and not reliant upon earlier rulings that determined the merits of the parties' contentions. The mere fact that a judge considering discovery motions and sanctions may draw upon his or her knowledge regarding the parties' past conduct in the case, as noted in defendants' return (citing *Obregon v. Superior Court* (1998) 67 Cal.App.4th 424, 430–431 [79 Cal.Rptr.2d 62]), is insufficient to broaden the category of cases in which a peremptory challenge is considered untimely.

*Miller v. Miller* (1970) 11 Cal.App.3d 197 [89 Cal.Rptr. 643] (*Miller*) and *Autoland, Inc. v. Superior Court* (1988) 205 Cal.App.3d 857 [252 Cal.Rptr. 662] (*Autoland*) likewise fail to support defendants' argument. The court in *Miller* considered a peremptory challenge brought after a settlement conference in which the court awarded attorneys' fees. (*Miller*, at pp. 202–203.) In rejecting the challenge, the court relied on *McClenny v. Superior Court* (1964) 60 Cal.2d 677 [36 Cal.Rptr. 459, 388 P.2d 691] (*McClenny*) and its holding that a section 170.6 motion is untimely if the court has ruled on any preliminary contested matters. (*Miller*, at p. 202.) This holding was based on a prior version of section 170.6 that did not include the qualification that the factual issues resolved in the pretrial motion or proceeding must relate to the merits of the action to have preclusive effect. (*McClenny*, at p. 683; see generally *Zilog, supra*, 86 Cal.App.4th at p. 1317 [explaining that the Legislature amended the statute in 1965 to preserve a party's right to disqualify a judge who has heard a preliminary matter that does not involve contested fact issues relating to the merits of the action].) *Autoland* involved a peremptory challenge applied to a discovery referee. (*Autoland*, at p. 859.) The argument made in that case, however, was that a discovery referee "does not 'hear' a discovery motion because he does not rule on it," and the party asserting the challenge did "not argue that discovery disputes do not involve contested issues of law or fact." (*Ibid.*) Defendants try to equate the *Autoland* court's observation that a discovery referee "may be called upon to preside at depositions" and make factual "rulings on whether witnesses must answer particular questions" (*ibid.*), with a holding that discovery proceedings necessarily resolve factual issues related to the merits of the case. In light of the narrow issue addressed in *Autoland*, this argument is unavailing.

Finally, there is no merit to defendants' suggestion that plaintiffs' failure to file the challenge earlier constitutes a "procedural waiver." The challenge was made more than five days prior to the scheduled hearing in accordance with

section 170.6. (See § 170.6, subd. (a)(2) ["[w]here the judge, other than a judge assigned to the case for all purposes . . . who is scheduled to try the cause or hear the matter is known at least 10 days before the date set for trial or hearing, the motion shall be made at least 5 days before that date"].) Defendants do not point to the applicability of a different timing provision, nor do they identify a ruling or order that triggered an "immediate challenge" under the statute.

We therefore conclude that the court erred in striking plaintiffs' section 170.6 peremptory challenge.

## III. Disposition

Let a peremptory writ of mandate issue directing respondent court to vacate its order striking plaintiffs' section 170.6 challenge to Judge Manoukian and to enter a new order accepting the challenge. The temporary stay order issued on March 27, 2008, is vacated. Costs in this original proceeding are awarded to plaintiffs.

McAdams, J., and Duffy, J., concurred.