Filed 1/9/24  Quality Control Products International v. Superior Court  CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| QUALITY CONTROL PRODUCTS INTERNATIONAL LTD., | |
| Petitioner, | |
| v. | A169261 |
| THE SUPERIOR COURT OF CONTRA COSTA COUNTY, | |
| Respondent; | (Contra Costa County Super. Ct. No. CIVMSC20-00948) |
| DEX PRODUCTS, INC., et al., | |
| Real Parties in Interest. | |

THE COURT:[*]

 Petitioner Quality Control Products International Ltd. seeks writ relief from the denial of its Code of Civil Procedure section 170.6[1] challenge (170.6 challenge) directed to Judge Charles S. Treat.  We grant the petition by way of this memorandum opinion because "[t]he Courts of Appeal should dispose of causes that raise no substantial issues of law or fact by memorandum or other abbreviated form of opinion."  (Cal. Stds. Jud. Admin., § 8.1.)

---

 [*] Before Jackson, P. J.; Simons, J.; and Burns, J.

 [1] All further statutory references are to the Code of Civil Procedure.

1

On November 7, 2023, respondent superior court notified the parties that this civil matter was being reassigned for all purposes to Judge Treat. On November 20, 2023, petitioner filed a 170.6 challenge against Judge Treat. Petitioner's challenge was denied on November 29, 2023, with the notation that it was "untimely, and court already made rulings." This petition was timely filed 10 days later, on December 11, 2023. (§§ 170.3, subd. (d), 12a.)

We review respondent's ruling de novo. (*Andrew M. v. Superior Court* (2020) 43 Cal.App.5th 1116, 1124.)

Plainly, petitioner's challenge was timely filed "within 15 days after notice of the all purpose assignment," as required by section 170.6, subdivision (a)(2), since such notice was provided on November 7, 2023, and the 170.6 challenge was filed 13 days later, on November 20, 2023.

Respondent's reference to the "court [having] already made rulings" was also not a basis for denying petitioner's 170.6 challenge. Section 170.6, subdivision (a)(2) provides in relevant part: "The fact that a judge . . . has presided at, or acted in connection with, a pretrial conference or other hearing, proceeding, or motion prior to trial, and not involving a determination of contested fact issues relating to the merits, shall not preclude the later making of the motion provided for in this paragraph at the time and in the manner herein provided." Petitioner acknowledges that, prior to the filing of its 170.6 challenge, Judge Treat, on November 9, 2023, ruled on two discovery motions, a motion for protective order and a motion to compel further responses to discovery. However, rulings on discovery matters do not amount to "a determination of contested fact issues relating to the merits" under section 170.6, subdivision (a)(2). (*Swift v. Superior Court* (2009) 172 Cal.App.4th 878, 883–884.) "A motion to compel discovery

2

responses . . . does not require a[n] . . . evaluation of evidence that relates directly to the merits of the case. Motions to compel responses (or for a protective order) instead involve only the resolution of issues related to the propriety and adequacy of the discovery requests and responses and the parties' conduct in the discovery process. [Citations.]" (*Id.* at p. 884.) The superior court docket included in the petition's exhibits does not reveal any other rulings by Judge Treat involving a determination of contested factual issues related to the merits of the case.

In accordance with our notification to the parties that we might do so, we will direct issuance of a peremptory writ in the first instance. (See *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177–180.) While invited to do so, real parties in interest initially, and respondent subsequently, declined to file responses to the petition. Petitioner's right to relief is obvious under settled principles of law, and no useful purpose would be served by issuance of an alternative writ, further briefing, and oral argument. (*Ng v. Superior Court* (1992) 4 Cal.4th 29, 35; see *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1236–1237, 1240–1241; see also *Brown, Winfield & Canzoneri, Inc. v. Superior Court* (2010) 47 Cal.4th 1233, 1240–1244.)

Let a peremptory writ of mandate issue, commanding respondent to vacate its November 29, 2023 order denying petitioner's 170.6 challenge as to Judge Treat and to enter a new and different order granting disqualification and assigning another judge to this case.

This opinion shall be final as to this court five days after its filing. (Cal. Rules of Court, rule 8.490(b)(2)(A).) Petitioner is entitled to recover costs. (Cal. Rules of Court, rule 8.493(a).)

3