Filed 3/7/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| WILLIAM GLICKMAN, | |
| Plaintiff and Respondent, | G064853 |
| v. | (Super. Ct. No. 30-2019-01049771) |
| CHARLES S. KROLIKOWSKI et al., | O P I N I O N |
| Defendants and Appellants. | |

Appeal from an order of the Superior Court of Orange County, Theodore R. Howard, Judge. Dismissed.

Hinshaw & Culbertson, Desmond Hinds, Linda Streeter, and David T. Hayek for Defendants and Appellants.

Annigan Ryan, James T. Ryan, Nicholas A. Kurtz; Law Office of Rick Augustini and Rick Augustini for Plaintiff and Respondent.

\* \* \*

THE COURT:*

Appellants Charles S. Krolikowski and Newmeyer & Dillion LLP filed a timely notice of appeal from an order overruling various objections to a discovery referee's report and recommendations. Appellants assert a portion of the order is appealable pursuant to Code of Civil Procedure section 904.1, subdivision (a)(12),[1] i.e., it was an order "directing payment of monetary sanctions" in excess of $5,000. (*Ibid.*; see, e.g., *Lindsey v. Conteh* (2017) 9 Cal.App.5th 1296, 1302 [sanctions order imposed by referee was appealable].)

Respondent William Glickman moved to dismiss the appeal. Respondent argues the challenged order apportioned discovery referee fees and did not impose monetary sanctions. This court generally lacks jurisdiction to review interlocutory orders pertaining to discovery; appellate review must await entry of a final judgment. (*Deck v. Developers Investment Co., Inc.* (2023) 89 Cal.App.5th 808, 825.)

Appellants oppose the motion. They posit the referee chose an unequal allocation of fees based on his view that appellants were the cause of those fees being incurred due to their incomplete and insufficient discovery responses. In appellants' view, such an order is tantamount to monetary sanctions and should be treated as such for purposes of appealability.

Before analyzing the motion to dismiss, a bit of background is necessary. The parties stipulated to the appointment of a discovery referee. (§ 638.) The parties' stipulation did not include specific fee payment terms (§ 645.1, subd. (a)), but instead referred generally to section 645.1. Section 645.1, subdivision (b) provides for payment of referee fees "in any manner

---

* Before Moore, Acting P. J., Sanchez, J., and Gooding, J.

[1] All statutory references are to the Code of Civil Procedure.

2

determined by the court to be fair and reasonable, including an apportionment of the fees among the parties."

The court's appointment order implementing the stipulation states: (1) "The Referee's fees shall be paid per the attached schedule subject to his recommendation(s) regarding reapportionment in accordance with paragraph 8(b) of the order. The Referee's initial retainer shall be paid 50[ percent] by" each side; and (2) the referee's report must include "a recommendation on the merits of the disputed issue[s], a statement of the hours spent and the total fees spent by the referee and the referee's recommended allocation of payment."

Respondent successfully filed a motion, granted by the discovery referee, to recommend the apportionment of all of the $22,750 in referee fees incurred on recent discovery motions (plus $1,750 for the apportionment motion itself) to appellants. The report that is the subject of this appeal relied solely on the authority of the discovery referee's reference order. It did not mention sources of authority for imposing monetary sanctions (under the Civil Discovery Act of 1986 or otherwise). (§ 2016.010 et seq.) The trial court then overruled appellants' objections to the recommended allocation of fees.

Appellants would have this court treat one-half of the total amount allocated ($12,250) as the equivalent of a monetary sanction subject to an interlocutory appeal. The issue presented is clear: Does the phrase "monetary sanctions" (§ 904.1, subd. (a)(12)) include unequally apportioned discovery referee fees, when those fees are apportioned based on the referee's view of the reasonableness of the parties' conduct in causing those referee's expenses to be incurred?

3

In civil cases, it is often stated that "[t]he right to appeal is wholly statutory." (*Dana Point Safe Harbor Collective v. Superior Court* (2010) 51 Cal.4th 1, 5.) For the most part, we cannot exercise appellate jurisdiction "unless the order is one that is expressly made appealable by statute." (*Meinhardt v. City of Sunnyvale* (2024) 16 Cal.5th 643, 652.) Appealability jurisprudence favors bright lines to assist parties in avoiding both premature and untimely appeals. (See *Blauser v. Dubin* (2024) 106 Cal.App.5th 918, 922.)

Courts may impose monetary sanctions only when authorized by statute or rule of court. (*Moofly Productions, LLC v. Favila* (2018) 24 Cal.App.5th 993, 997; *Vidrio v. Hernandez* (2009) 172 Cal.App.4th 1443, 1455 ["our trial courts have no inherent power to impose monetary sanctions"].)

There does not appear to be a case directly on point. But in light of the foregoing general principles, we agree with respondent. An order allocating discovery referee fees is not a sanctions order, even if the referee fees are allocated based on the referee's perception that appellants caused the discovery disputes by providing inadequate discovery responses. The referee's recommendation did not use the word sanctions. The referee's recommendation did not cite any legal authority to impose sanctions. Instead, the referee relied on the discretion to recommend apportionment provided in the court's reference order, stipulated to by the parties. The order therefore cannot be classified as a "monetary sanction" for purposes of establishing appealability. If the Legislature believes referee apportionment fees should be appealable, it can amend section 904.1 to include them. In the meantime, parties must either wait for entry of judgment to appeal this kind of order or file a timely writ petition. (Cf. *Marathon Nat. Bank v. Superior Court* (1993)

19 Cal.App.4th 1256, 1261–1262 [denying writ petition to the extent it challenged allocation of referee fees].)

We also reject the notion that this order can be appealed pursuant to the collateral order doctrine. "[T]he collateral order doctrine, as the California Supreme Court has historically described it, allows an appeal to be taken '[w]hen a court renders an interlocutory order collateral to the main issue, dispositive of the rights of the parties in relation to the collateral matter, and directing payment of money or performance of an act.'" (*Longobardo v. Avco Corp.* (2023) 93 Cal.App.5th 429, 432.) The courts justified the creation of this doctrine on "the theory that [such an] order is in effect a final judgment against a party in a collateral proceeding growing out of the action; that is to say, is so far independent of the suit itself as to be substantially a final decree for the purpose of an appeal, although there has been no final decree in the action." (*Fish v. Fish* (1932) 216 Cal. 14, 16.)

An order requiring the parties to split deposition costs evenly is not appealable under the collateral order doctrine because "the matter is not final. Whether [a party] ultimately pays for these depositions remains an open question. At the end of the case, the prevailing party may recover its costs, including deposition costs under section 1032." (*Reddish v. Westamerica Bank* (2021) 68 Cal.App.5th 275, 278 (*Reddish*).)[2]

---

[2] *Reddish* rightly criticized and declined to follow other cases that "permitted appeals of interim cost orders under the collateral order doctrine" because "those cases [did] not consider whether a final cost allocation could make the interim order moot." (*Reddish, supra,* 68 Cal.App.5th at p. 278.) We follow *Reddish* in this regard.

Likewise, an order facilitating notice to prospective class members and dividing the costs of that process between the parties was not immediately appealable as a collateral order. (*Steen v. Fremont Cemetery Corp.* (1992) 9 Cal.App.4th 1221, 1226–1230.) "Where, as here, the notice order is neither final nor collateral, the fact that it directs payment of money or the performance of an act is immaterial." (*Id.* at p. 1229.)

The payment of discovery referee costs may be reallocated at the end of the lawsuit. (See *Baker-Hoey v. Lockheed Martin Corp.* (2003) 111 Cal.App.4th 592, 602-605; *id.* at p. 605 [affirming trial court's discretionary decision to refrain from reallocating referee fees in postjudgment costs dispute]; see also *City of Los Angeles v. City of San Fernando* (1975) 14 Cal.3d 199, 296–297, disapproved on other grounds in *City of Barstow v. Mojave Water Agency* (2000) 23 Cal.4th 1224, 1248 [though not explicitly applying the collateral order doctrine, declining to address the unequal allocation to various municipalities of $493,264 in reference fees owed to the State Water Resources Control Board, deferring the issue of division of referee costs to § 1032 postjudgment costs procedures].)

Unlike some collateral order cases, the appellants here are defendants in this lawsuit and will participate in the case until it is resolved by judgment and all postjudgment issues (including cost reallocations) are decided. We need not predict the future regarding which party will prevail on the merits or how the parties may choose (or not) to continue to seek reallocation of referee costs in postjudgment proceedings or appeals from the judgment. It is enough to state that this referee fee allocation order is not, at this time, final and dispositive of the parties' rights. Immediate challenges to discovery referee references and orders pertaining to the payment of such

referees should be made by writ petition. (See, e.g., *Taggares v. Superior Court* (1998) 62 Cal.App.4th 94, 99 [writ challenge to both orders].)

Respondent's motion to dismiss the appeal is granted. The appeal is dismissed. Respondent shall recover costs incurred on appeal. (Cal. Rules of Court, rule 8.278(a)(1).) Respondent's motion for sanctions is denied. (Cal. Rules of Court, rule 8.276.)