[No. G013659. Fourth Dist., Div. Three. June 1, 1993.]

PALMCO CORPORATION, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
CHUL KI KIM, Real Party in Interest.

**COUNSEL**

Patricia O'Neill for Petitioner.

No appearance for Respondent.

Chapman, Fuller & Bollard and Dirk O. Julander for Real Party in Interest.

**OPINION**

**WALLIN, J.**—Palmco Corporation petitions for a writ of mandate directing the superior court to vacate an order for an accounting of its profits from a business conducted after operations were enjoined but while the injunction was stayed on appeal. It contends the court exceeded its jurisdiction. We conclude the trial court acted within its equitable powers and deny the writ petition.

Chul Ki Kim was a shareholder in Palmco, an importer and exporter of goods.[1] Kim sold his shares to Palmco in exchange for an agreement that he would receive all rights of Palmco to engage in a stainless steel flatware import and sales business. Subsequently, Palmco entered into contracts with United and American Airlines to supply flatware. Kim filed suit against Palmco for specific performance and breach of contract and obtained a judgment awarding him damages and injunctive relief.

The judgment, filed August 27, 1987, ordered Palmco to pay Kim $325,000 plus 10 percent interest from June 3. In addition, Palmco was ordered to transfer to Kim all rights under the contracts with United and American Airlines, to sell its existing flatware inventory to Kim, to refrain from contracting with the two airlines for flatware sales for six months and from purchasing flatware from a Korean manufacturer, Kyung Dong, for eighteen months. The trial court retained jurisdiction to "monitor and ensure compliance with the letter and intent" of the judgment.

Palmco appealed. The money judgment was stayed under Code of Civil Procedure section 917.1 when Palmco deposited $500,000 with the court. Palmco also made several requests to stay the injunctive provisions of the judgment. In one such request it argued Kim would suffer no harm if a stay of the injunction was granted because "any damage suffered by [Kim] during [appeal] can be fully compensated by an award of money damages for provable loss of profits should he prevail on the appeal."

The trial court originally denied the stay because further delay would unjustly enrich Palmco at Kim's expense. Ultimately, the court granted a stay of the injunction, without bond, pursuant to Code of Civil Procedure section 916. While the appeal was pending Palmco continued to import and sell flatware to the two airlines.

We affirmed the judgment on December 21, 1989. Remittitur issued on March 20, 1990, at which time the judgment became final. In May the money on deposit with the court was distributed to Kim to satisfy the money judgment, the balance was refunded to Palmco, and the United Airlines contract was transferred to Kim. The American Airlines contract expired while the appeal was pending and was not renewed.

Kim sought damages in the form of Palmco's profits from flatware sales during the appeal. A court-appointed referee considered the matter and

---

[1]The facts are more fully set forth in an unpublished decision of this court. (*Kim v. Palmco Corporation* (Dec. 21, 1989) G005937.) We repeat only the facts necessary to an understanding of the issue before us.

issued a report on January 25, 1991. Noting that in the original judgment the court retained jurisdiction to ensure compliance with its "letter and intent" but did not expressly mention a right to future damages, the referee recommended Kim file a formal motion.

In February Kim filed a motion for damages accruing during the appeal and requested an accounting. The referee again considered the issue and recommended the court grant the request. The court did so and ordered an accounting of Palmco's profits on flatware sales during the pendency of the appeal.

Palmco's appeal of the order was dismissed by this court. Palmco then filed this instant writ petition and we issued an alternative writ.[2]

■ Palmco contends the trial court exceeded its jurisdiction when it granted Kim's motion for an accounting of profits from the flatware business while the appeal was pending. It contends the trial court violated the automatic stay of the injunction pending appeal imposed by Code of Civil Procedure section 916. (*Warsaw* v. *Chicago Metallic Ceilings, Inc.* (1984) 35 Cal.3d 564, 573 [199 Cal.Rptr. 773, 676 P.2d 584]; *Agricultural Labor Relations Bd.* v. *Superior Court* (1983) 149 Cal.App.3d 709, 713 [196 Cal.Rptr. 920].)

While conceding the trial court has power to award "future" damages, Palmco argues it did not have the power in this case. Relying upon *Warsaw* v. *Chicago Metallic Ceilings, Inc., supra,* 35 Cal.3d 564, it argues the court could not award damages which accrued during the appeal unless it expressly reserved jurisdiction to do so. Here the trial court reserved jurisdiction to "monitor and ensure compliance with the letter and intent" of the judgment, but did not expressly reserve the right to award damages for the appeal period.

In *Warsaw* the judgment granted plaintiff a prescriptive easement across defendant's property. A mandatory injunction ordered the defendant to remove part of a structure which interfered with the easement. The trial court retained jurisdiction to award damages in the event the defendant did not comply. In rejecting the defendant's challenge to the order, the Supreme Court stated, "The order reserving jurisdiction was made by the court in apparent recognition of the fact that plaintiffs continued to suffer damages every day that use of the easement was obstructed. If defendant's contentions had been upheld on appeal, there would of course have been no basis

---

[2]We dismissed the appeal because the order was interlocutory and could be considered on an appeal from the final award. However, when the writ petition was filed, Kim urged us to consider it on its merits.

for an award of damages. Hence the judgment was not enforceable during the pendency of the appeal. [¶] On the other hand, a stay in the enforcement of the judgment during the pendency of the appeal does not a fortiori prevent the accrual of the damages which become part of the judgment if and when the judgment becomes final and enforceable. The trial court's retention of jurisdiction for the possible award of damages thus was appropriate under the circumstances of this case." (35 Cal.3d at pp. 573-574, internal marks omitted.)

Contrary to Palmco's assertion, *Warsaw* does not hold that damages accruing on appeal can only be awarded if there is an express reservation of jurisdiction. *Warsaw* simply approved of reserving jurisdiction for that purpose.

The trial court acted within its equitable powers in granting Kim's request. This was a case in equity involving the specific performance of a stock purchase contract. "An equity court has inherent power to make its decree effective by additional orders affecting the details of performance, irrespective of reservation of power in the decree." (*Barnes* v. *Chamberlain* (1983) 147 Cal.App.3d 762, 767 [195 Cal.Rptr. 417].)

Palmco was ordered to transfer to Kim all of its rights to provide flatware to American and United Airlines within 10 days of the entry of judgment. It was restrained from interfering with or hindering Kim's "quiet and profitable enjoyment of the business relations" with American and United Airlines for six months after the rights were transferred and from purchasing Kyung Dong flatware for eighteen months.

Palmco continued to operate the flatware business for another two and one-half years while its appeal was pending. Although the automatic stay prevented it from being held in contempt for noncompliance with the injunction, the stay did not prevent additional damages from accruing. (*Warsaw* v. *Chicago Metallic Ceilings, Inc., supra,* 35 Cal.3d at pp. 573-574.) Palmco essentially conceded as much in its original stay request when it argued a stay was appropriate because Kim would be entitled to damages accruing during the appeal process. The judgment was intended to ensure that Kim obtained the business rights and operating profits which Palmco had wrongfully appropriated. By ordering an accounting, the trial court kept Palmco from being unjustly enriched by delaying execution of the judgment. The court acted within its inherent equity power and the jurisdiction it expressly retained to ensure compliance with the letter and intent of the judgment.

Any other result would reward Palmco for delaying execution of the judgment and encourage litigants in similar circumstances to present and

prolong appeals as long as possible to retain the profits reaped during the delay.

The petition for writ of mandate is denied. The alternative writ is discharged.[3]

Sills, P. J., and Sonenshine, J., concurred.

Petitioner's application for review by the Supreme Court was denied August 26, 1993.

---

[3]Because this is an interim proceeding, costs are not awarded at this time.