[No. G022259. Fourth Dist.. Div. Three. May 28. 1998.]

CHUL KI KIM, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
PALMCO CORPORATION et al., Real Parties in Interest.

COUNSEL

Dirk O. Julander and M. Teresa Herrera for Petitioner.

No appearance for Respondent.

Patricia O'Neill, Davis, Punelli, Keathley & Willard and Robert E. Willard for Real Parties in Interest.

OPINION

**WALLIN, J.**—Chul Ki Kim seeks extraordinary relief from the superior court's order appointing a new temporary judge to take the place of Judge Lloyd Blanpied, a retired Orange County Superior Court judge, who died during the proceedings. Kim claims the original stipulation for a temporary judge did not authorize the court to appoint a different temporary judge without his consent. We agree and grant the writ.

*Facts*

This lawsuit, involving a dispute following a sale of stock in a closely held corporation, has a long history with this court. Kim and his brothers formed Palmco Corporation to run an import-export business, which included contracts to supply flatware to a restaurant chain and to two major airlines. After the brothers became embroiled in disputes, Kim agreed to sell his Palmco stock to the corporation, take the flatware business, and leave. He did so, but Palmco refused to transfer the flatware accounts to him and continued to pursue flatware business. In 1984, Kim sued Palmco and his brothers, obtaining a judgment in 1987. Palmco unsuccessfully appealed, and the case was returned to the trial court for postjudgment proceedings, including Kim's demand for an accounting from Palmco for profits during the pendency of the appeal. (*Kim* v. *Palmco Corp.* (Dec. 21, 1989) G005937 [nonpub.opn.].)

The trial court referred the case to Judicial Arbitration & Mediation Services, Inc. (JAMS), and appointed Judge Blanpied as a special master "to determine the amount of additional costs/fees on appeal to which the plaintiff is entitled; to determine whether any other costs/fees payable to plaintiff by defendants, the amounts, and the reasons therefor; and to determine and recommend to this Court a list of all remaining issues as to the United and American Airlines flatware. Upon adoption of such determinations by this Court, the special master will prepare necessary fact findings and recommend solutions to the Court. Finally, the special master may determine any

other issues for this Court in this matter and may resolve any issues submitted to him by stipulation of the parties."

Kim filed a motion for supplemental damages seeking an accounting from Palmco. After briefing and argument, Judge Blanpied recommended the motion be granted. The superior court followed the recommendation and entered an order granting the motion in August 1991. Palmco's appeal of the order was dismissed by this court. Palmco subsequently filed a writ petition, which this court denied in a published opinion in June 1993. (*Palmco Corp.* v. *Superior Court* (1993) 16 Cal.App.4th 221 [19 Cal.Rptr.2d 682].)

In March 1995, the parties stipulated to the appointment of Judge Blanpied as a temporary judge to "hear and conduct a post judgment hearing of this matter, which shall include hearing and determining all pre-hearing motions and discovery matters[,] presiding over the hearing until rendition of judgment, and hearing and determining all post-hearing motions after judgment is entered, and to act in the capacity of a temporary judge until the conclusion of all matters in this cause which may be determined within the jurisdiction of the Superior Court."

The hearing on the accounting finally commenced in May 1996, lasting more than 17 days. By the fall of 1996, Judge Blanpied had issued a statement of decision, to which Kim had lodged objections on the ground that Judge Blanpied had failed to make any findings on one of the legal theories presented. A hearing on the objections was scheduled for December. Shortly thereafter, Judge Blanpied became seriously ill and died. Just before he died, he recused himself from the case.

At a subsequent status conference in the superior court, and over Kim's objection, the trial court transferred the case back to JAMS to be handled by a new temporary judge. Relying on the prior stipulation of March 1995 to the use of a temporary judge, the trial court appointed Judge Richard Beacom, also a retired Orange County Superior Court judge, as temporary judge. Kim filed this petition seeking relief from the superior court's order appointing a new temporary judge without his consent.

*Discussion*

■ The delegation of judicial power is constitutionally limited and can only be effected by a "stipulation of the parties litigant." (Cal. Const., art. VI, § 21.) In the absence of the parties' consent, the Constitution only allows

the delegation of the performance of subordinate judicial duties, which do not include deciding questions of law. (*Aetna Life Ins. Co.* v. *Superior Court* (1986) 182 Cal.App.3d 431, 435 [227 Cal.Rptr. 460].) Any judgment entered by a referee or special master without judicial authority is void. (*In re Horton* (1991) 54 Cal.3d 82, 90 [284 Cal.Rptr. 305, 813 P.2d 1335].)

██ Palmco argues the March 1995 stipulation to the appointment of Judge Blanpied provides general consent to a temporary judge, sufficient to satisfy constitutional requirements. Citing *In re Richard S.* (1991) 54 Cal.3d 857 [2 Cal.Rptr.2d 2, 819 P.2d 843], it claims compliance with the technical requirements of rule 244 of the California Rules of Court (enacted by the Judicial Council to amplify the constitutional requirements of article VI, section 21 of the California Constitution) is not necessary to a valid stipulation.

The *Richard S.* court, dealing with the California Rules of Court, rule 244 requirement that the order designating the temporary judge shall be filed before assignment, found the rule to be "directory rather than mandatory to the extent that it imposes requirements beyond those expressed in article VI, section 21, and that no purpose would be served by interpreting it as intending to void any action taken when the requirements of the rule were not precisely fulfilled." (54 Cal.3d at p. 865.)

The Supreme Court cited with approval two Court of Appeal cases, *In re Lamonica H.* (1990) 220 Cal.App.3d 634 [270 Cal.Rptr. 60] and *In re Robert S.* (1988) 197 Cal.App.3d 1260 [243 Cal.Rptr. 459], which had upheld the validity of oral stipulations to temporary judges notwithstanding the requirement of California Rules of Court, rule 244 that such stipulations be in writing. "Where a party to a proceeding heard by a referee has in fact expressly or impliedly agreed that the referee may sit as temporary judge pursuant to article VI, section 21 of the Constitution, it is difficult for us to fathom what legitimate interest the party has in the method by which his agreement is memorialized. Whether consent is oral, written, express or implied, if in fact a party agrees to proceed before a referee and thereafter receives a ruling on the merits from the referee, his reasonable expectations have been fulfilled." (*In re Lamonica H., supra,* 220 Cal.App.3d at p. 644.)

*Richard S.* makes it clear that a stipulation to a temporary judge will be valid so long as the basic constitutional requirement of the parties' consent is present. "[The litigant's] interest in having his dispute heard in a competent and unbiased tribunal" (*In re Lamonica H., supra,* 220 Cal.App.3d at p. 644) requires consent to the individual appointee. But here, Kim consented to the

appointment of Judge Blanpied based on his years of experience with the case as a referee. This specific consent cannot be expanded to encompass consent to Judge Beacom.

Palmco claims because this matter involves an accounting, the trial court had the power to appoint a referee with the same powers as a temporary judge, even in the absence of the parties' consent. (Code Civ. Proc., § 639, subd. (a).) It contends the appointment of Judge Beacom as a temporary judge without Kim's consent was thus harmless error.

But the scope of a reference without the parties' consent is much narrower than the reference made to Judge Beacom. A nonconsensual reference, or a "special" reference, is limited to particular issues specified by statute. (Code Civ. Proc., § 639.)[1] " 'The character of the issue which may be referred is particularly described, and, by necessary implication, all issues not answering to that description are excluded from the operation of the section.' " (*Bird* v. *Superior Court* (1980) 112 Cal.App.3d 595, 599 [169 Cal.Rptr. 530].)

A referee or special master can only make factual findings and recommendations to the trial court. These findings and recommendations are only advisory, and do not become binding unless adopted by the trial court. (Code Civ. Proc., § 639; *Ruisi* v. *Thieriot* (1997) 53 Cal.App.4th 1197, 1208 [62 Cal.Rptr.2d 766]; *Bird* v. *Superior Court, supra,* 112 Cal.App.3d at pp. 599-600.) In *Ruisi* v. *Thieriot, supra,* 53 Cal.App.4th 1197, the court reversed an order appointing a special master, over the mother's objection, to determine " 'any and all issues regarding custody' " of the parties' minor child. (*Id.* at p. 1211.) The court found the reference was constitutionally prohibited. "[T]he trial court's sweeping reference . . . . is not necessarily limited to strictly factual issues. Disputes involving interpretation of the existing custody orders, for example, may present questions of law." (*Id.* at p. 1210.) In *Doyle* v. *Superior Court* (1996) 50 Cal.App.4th 1878 [58

---

[1]Code of Civil Procedure section 639 provides: "When the parties do not consent, the court may, upon the application of any party, or of its own motion. direct a reference in the following cases: [¶] (a) When the trial of an issue of fact requires the examination of a long account on either side; in which case the referees may be directed to hear and decide the whole issue, or report upon any specific question of fact involved therein. [¶] (b) When the taking of an account is necessary for the information of the court before judgment, or for carrying a judgment or order into effect. [¶] (c) When a question of fact, other than upon the pleadings, arises upon motion or otherwise, in any stage of the action. [¶] (d) When it is necessary for the information of the court in a special proceeding. [¶] (e) When the court in any pending action determines in its discretion that it is necessary for the court to appoint a referee to hear and determine any and all discovery motions and disputes relevant to discovery in the action and to report findings and make a recommendation thereon."

Cal.Rptr.2d 476], the court emphasized that a discovery referee does not have the authority to issue court orders, but can only propose or recommend. "The superior court must decide whether to accept or reject the referee's recommendations." (*Id.* at p. 1884, fn. 1.)

■ Here, the March 1995 stipulation to Judge Blanpied delegated sweeping judicial power to him as a temporary judge. He was empowered to "act in the capacity of a temporary judge until the conclusion of all matters in this cause which may be determined within the jurisdiction of the Superior Court." This power is clearly beyond the scope of a special reference, and when the trial court relied on this stipulation to appoint Judge Beacom, it exceeded its authority.

Palmco claims a referee's authority is not limited when an accounting is involved, citing the statutory language allowing a reference on the "whole issue." (Code Civ. Proc., § 639, subd. (a).)

This language was recently reviewed in *De Guere* v. *Universal City Studios, Inc.* (1997) 56 Cal.App.4th 482 [65 Cal.Rptr.2d 438]. Characterizing the language of the subdivision as a "provision . . . of some antiquity" (*id.* at p. 499), the court noted it had not changed in over 100 years. Accordingly, it invoked the historical wisdom of the courts in interpreting it. " 'If there be but one issue in the action, and that issue involves the examination of a long account, the whole case may be sent to a referee; but, even in such a case, he cannot be invested with power to report a judgment. If, however, there are other issues in the case, not involving the examination of a long account, the Court has no compulsory power to send them to a referee for trial.' [*Williams* v. *Benton* (1864) 24 Cal. 424, 425.] [¶] . . . [¶] . . . '[W]hile under [section 638] the referee may be directed and so authorized to report findings and judgment upon all the issues in the case, in [section 639, subdivision (a)] his power is restricted to the hearing and decision (or the finding) of the facts as to the account ordered by him to be examined.' [*Fredenhall* v. *Shrader* (1920) 45 Cal.App. 719, 723 [188 P. 580].]" (*De Guere* v. *Universal City Studios, Inc., supra,* 56 Cal.App.4th at pp. 497-498; accord, *In re Edgar M.* (1975) 14 Cal.3d 727 [122 Cal.Rptr. 574, 537 P.2d 406]; *Marathon Nat. Bank* v. *Superior Court* (1993) 19 Cal.App.4th 1256 [24 Cal.Rptr.2d 40].)

Judge Blanpied had issued his statement of decision and was preparing to hear Kim's objections when he recused himself from the case. Kim's objections involve findings on an allegedly omitted legal theory. These determinations are beyond the scope of a special reference to examine an account and clearly involve the exercise of judicial authority.

The petition for writ of mandate is granted. The superior court is directed to retrieve the case from JAMS and conduct further proceedings. Petitioner shall recover his costs of this proceeding from real parties in interest. (Cal. Rules of Court, rule 56.4.)

Sills, P. J., and Sonenshine, J., concurred.