Filed 9/30/14  Hayden v. Wells Fargo Bank CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THOMAS HAYDEN,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>WELLS FARGO BANK, N.A., as Trustee, etc., et al.,<br><br>        Defendants and Respondents. | E058486<br><br>(Super.Ct.No. RIC1203228, RIC1209448)<br><br>**OPINION** |

APPEAL from the Superior Court of Riverside County.  Matthew C. Perantoni, Judge.  Dismissed.

Thomas Hayden, in pro. per., for Plaintiff and Appellant.

McCarthy & Holthus, Melissa Robbins Coutts, and Matthew B. Learned; Law Offices of Glenn H. Wechsler and Glenn H. Wechsler for Defendants and Respondents.

Thomas Hayden filed two actions arising out of the then-pending nonjudicial foreclosure of his house.  In both actions, the defendants included Wells Fargo Bank,

N.A., as Certificate Trustee, in trust for the Registered Holders of VNT Trust Series 2010-2 (Wells Fargo), Acqura Loan Services (Acqura), and S.B.S. Trust Deed Network (SBS) (collectively Respondents).

In the first action (insurance proceeds action), Hayden challenged Respondents' handling of $37,064 in insurance proceeds paid after the house was damaged in a fire. He also claimed that Respondents were attempting to foreclose based on a "false" and "fraudulent" trust deed.

In the second action (quiet title action), Hayden admitted executing a trust deed against the house; he claimed, however, that the trust deed that he executed was initialed on every page, whereas the recorded trust deed was not.

The trial court consolidated the two actions. It then sustained Respondents' demurrers to the two complaints, without leave to amend, and dismissed the action as against Respondents.

Hayden appeals. He contends:

1. Respondents' demurrers were untimely.

2. The judgment of dismissal was erroneously entered by a commissioner, despite Hayden's refusal to stipulate to a commissioner.

3. The trial court erred by dismissing the action as to two additional parties that had not filed demurrers.

4.  The trial court erred by sustaining the demurrers, primarily because it did so by taking judicial notice of facts recited in — rather than merely the existence of — otherwise judicially noticeable documents.

Respondents, for their part, contend that, because the foreclosure has since been completed, the appeal is moot.

We will conclude that the appeal is not moot. However, after this case was fully briefed and a tentative opinion was prepared, the parties submitted a request for dismissal of the appeal. We therefore dismiss the appeal.

I

FACTUAL BACKGROUND

A.      *The Insurance Proceeds Action.*

1.      *The original complaint.*

Respondents requested judicial notice of a number of documents, including Hayden's original complaint in the insurance proceeds action.

In his original complaint, Hayden alleged that his house in Perris had "burned to the ground." The proceeds of the insurance on the house, totaling $37,064, were deposited to an account held by Wells Fargo and Acqura.

Hayden agreed to apply the $37,064 in insurance proceeds to the loan on the house, to bring it current. Respondents breached this agreement by falsely declaring the loan delinquent and noticing a trustee's sale.

3

The trial court ruled: "The request for judicial notice is granted as to the existence of the requested documents only. The court does not take judicial notice of the truth of the matters asserted in those documents."

2. *The operative complaint.*

In the operative complaint, Hayden alleged again that his house in Perris had burned to the ground and that the proceeds of the insurance on the house, totaling $37,064, were deposited to an account held by Wells Fargo and Acqura.

Wells Fargo and Acqura promised to disburse the $37,064 in insurance proceeds to pay the costs of the cleanup of the property. Hayden incurred expenses to have the property cleaned up. Respondents then refused to pay for the clean-up. Instead, they converted the $37,064 to their own use.

In contrast to the original complaint, the second amended complaint also added allegations that respondents were attempting to foreclose on the house based on a false and fraudulent trust deed.

B. *Quiet Title Action.*

The following facts are taken from the operative complaint in the quiet title action.

Hayden and his wife own a piece of real property in Perris. They executed a trust deed on the property in favor of an entity named Americash.

Respondents claim to be the current holders of this trust deed. However, the original trust deed "had a place for . . . initials on each page and was signed on each page

4

by [Hayden]." The trust deed that was recorded is not initialed on each page and does not have any place for initials on each page.

II

PROCEDURAL BACKGROUND

To keep the relationship between the events in the two consolidated cases clear, we set them out in the form of a table:

| Date | Insurance Proceeds Action | Quiet Title Action |
| --- | --- | --- |
| March 2012 | Hayden files complaint; named defendants are Respondents and L.P. Services (LP) | |
| May 2012 | Hayden files first amended complaint | |
| May 2012 | Respondents and LP file demurrers | |
| June 2012 | | Hayden files complaint; named defendants are Respondents and LP |
| July 2012 | Trial court sustains demurrer of Acqura and SBS with leave to amend | |

| Date | Insurance Proceeds Action | Quiet Title Action |
|---|---|---|
| August 2012 | Hayden files second amended complaint, asserting causes of action for conversion, negligence, fraud, and negligent infliction of emotional distress | Hayden files first amended complaint, asserting cause of action to quiet title |
| September 2012 | | Hayden files "Doe" amendment naming Platinum Properties and Investments (Platinum) as additional defendant |
| October 2012 | Trial court orders cases consolidated[1] | |
| February 2013 | Respondents file demurrer | Respondents file demurrer |
| March 2013 | Trial court (per Judge Perantoni) sustains Respondents' demurrer without leave to amend | Trial court (per Judge Perantoni) sustains Respondents' demurrer without leave to amend |
| April 2013 | Trial court (per Commissioner Barkley, "for" Judge Perantoni) enters judgment of dismissal | |
| June 2013 | Trial court (per Judge Perantoni) enters amended judgment of dismissal | |

---

[1] The consolidation order stated that the cases were consolidated for "case management and discovery only and without prejudice to filing a motion to sever[] or to bifurcate . . . ." As we read this, the court *decided* only that the cases should be consolidated for purposes of case management and discovery; however, in the absence of a motion to sever, the *effect* of its order would be to consolidate them for all purposes. Ultimately, there was no such motion.

| Date | Insurance Proceeds Action | Quiet Title Action |
|---|---|---|
| November 2013 | Trial court (per Judge Perantoni) enters amended order sustaining Respondents' demurrers without leave to amend | |

III

MOOTNESS

As Hayden concedes, his house has been foreclosed upon and sold to Platinum. Respondents contend that, as a result, the appeal is moot.

It could be argued that the sale of the property to a bona fide purchaser would moot at least some of Hayden's claims. (See *Ragland v. U.S. Bank National Assn.* (2012) 209 Cal.App.4th 182, 208 [foreclosure mooted claim for injunction against foreclosure]; *Weingand v. Atlantic Sav. & Loan Assn.* (1970) 1 Cal.3d 806, 819 [foreclosure and sale to bona fide purchaser would moot challenges to validity of trust deed]; cf. *Boggs v. North American Bond & Etc.* (1936) 6 Cal.2d 523, 526-528 [foreclosure may be set aside when the purchaser is the beneficiary under trust deed or its assignee].) However, we have no way of knowing whether Platinum is a bona fide purchaser. Hayden does not concede this, and Respondents have not established it by judicial notice or otherwise. Thus, Respondents have not carried their burden of demonstrating mootness. (See *Smith v. State Savings & Loan Assn.* (1985) 175 Cal.App.3d 1092, 1100.)

IV

THE TIMELINESS OF THE DEMURRERS

Hayden contends that Respondents' demurrers were untimely.

7

A.	*Additional Factual and Procedural Background.*

In August 2012, Hayden filed amended complaints in both actions.

In November 2012, Hayden filed proofs of service of the amended complaints. According to the register of actions, they indicated that Respondents had been served by personal service in August 2012. The proofs of service themselves, however, have not been included in the appellate record.

Respondents did not respond to the amended complaints until February 2013, when they filed the demurrers.

B.	*Analysis.*

Hayden relies on Code of Civil Procedure section 430.40, subdivision (a), which provides: "A person against whom a complaint or cross-complaint has been filed may, within 30 days after service of the complaint or cross-complaint, demur to the complaint or cross-complaint."

Respondents claim that they were never served, and that the proofs of service were false on their face. The problem with this is that the proofs of service are not in the appellate record. (See *Mueller v. County of Los Angeles* (2009) 176 Cal.App.4th 809, 816, fn. 5 ["The claimed existence of facts that are not supported by citations to pages in the appellate record . . . cannot be considered by this court."].)

Hayden's contention fails for a different reason. Code of Civil Procedure section 430.40, subdivision (a) is permissive, not mandatory. (*McAllister v. County of Monterey* (2007) 147 Cal.App.4th 253, 280.) Thus, the trial court has discretion to consider an

8

untimely demurrer, just as long as the plaintiff has not taken the defendant's default and has not been prejudiced. (*Jackson v. Doe* (2011) 192 Cal.App.4th 742, 749-750.) Hayden has not shown that the trial court abused this discretion here.

V

PARTICIPATION OF A COMMISSIONER

Hayden contends that the judgment of dismissal was erroneously entered by a commissioner, despite his refusal to stipulate to a commissioner.

A.    *Additional Factual and Procedural Background.*

Respondents' demurrers were initially set to be heard before Commissioner Paulette D. Barkley. Hayden, however, refused to stipulate to have the matter heard by a commissioner. In addition, he filed a "Notice of Non Stipulation" (capitalization altered), in which he objected to having the "case" heard by a commissioner.

Accordingly, the demurrers were reset for hearing before Judge Matthew C. Perantoni. It was Judge Perantoni who sustained the demurrers without leave to amend.

Commissioner Barkley signed and entered a judgment of dismissal, indicating that she was signing "for" Judge Perantoni. About two months later, however, Judge Perantoni signed and entered an amended judgment of dismissal.

B.    *Analysis.*

A commissioner cannot "tr[y]" a "cause" unless the parties so stipulate. (Cal. Const., art. VI, § 21.) However, a commissioner can perform "subordinate judicial duties" even in the absence of a stipulation. (Cal. Const., art. VI, § 22.) "[S]ubordinate

9

judicial duties . . . do not include deciding questions of law. [Citation.]" (*Kim v. Superior Court* (1998) 64 Cal.App.4th 256, 260.) Thus, a commissioner cannot enter judgment "without judicial authority." (*Ibid*.)

Here, however, a judge had already sustained the demurrers and had thus decided that the action should be dismissed. At that point, the signing and entry of judgment was a ministerial act. It did not require Commissioner Barkley to decide anything. Although she did enter judgment, she did so *with* judicial authority. Thus, she was merely performing a subordinate judicial duty, which did not require a stipulation.

Separately and alternatively, the asserted error was not prejudicial. (See Cal. Const., art. VI, § 13; Code Civ. Proc., § 475.) Even assuming the judgment signed by Commissioner Barkley was void, Judge Perantoni signed an amended judgment. Hayden does not challenge the validity of the latter judgment.

VI

DISMISSAL OF NONMOVING PARTIES

Hayden contends that the trial court erred by dismissing the action as to LP and Platinum, which had not filed demurrers.

A.      *Additional Factual and Procedural Background*.

The judgment of dismissal signed by Commissioner Barkley provided:

"[T]his Court sustained Acqura Loan Services, S.B.S. Trust Deed Network and Wells Fargo Bank, N.A., as Certificate Trustee, in trust for the Registered Holders of

10

VNT Trust series 2010-2's (collectively as 'Defendants') Demurrer to Thomas Hayden's ('Plaintiff') Second Amended Complaint.

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

"1. Defendants' Demurrer to Plaintiff's Second Amended Complaint was sustained in its entirety as to all causes of action without leave to amend.

"2. Plaintiff's entire action against Defendants is dismissed with prejudice." (Bolding omitted.)

The amended judgment signed by Judge Perantoni used slightly different wording, but it was substantively identical.

After this appeal was filed, Judge Perantoni also corrected the order sustaining the demurrers, nunc pro tunc, so as to provide:

"The 2nd amended complaint of Thomas Hayden dismissed with prejudice as to Acqura Loan Services, Wells Fargo Bank N[A ]as Certificate Trustee and SBS Trust Deed Network only."

Meanwhile, Hayden entered into a settlement with LP.

B.      *Analysis.*

Hayden claims the trial court erred by dismissing the action as to LP and Platinum. However, that is not what it did. Rather, it defined Wells Fargo, Acqura, and SBS collectively as "Defendants," then dismissed the action "against Defendants." Hence, the dismissal was solely as against Wells Fargo, Acqura, and SBS; the action remained pending against LP (at least until the settlement) and Platinum.

11

As if this were not already abundantly clear from the judgment of dismissal itself, Judge Perantoni later corrected the order sustaining the demurrers so as to make it even clearer. Accordingly, Hayden's contention is unfounded.

VII

DEMURRER TO THE INSURANCE PROCEEDS ACTION

Hayden contends that the trial court erred by sustaining the demurrer to the insurance proceeds action.

A. *The Conversion Cause of Action*.

The alleged conversion consisted of keeping the $37,064 in insurance proceeds and refusing to disburse it for the cleanup of the subject property, as agreed.

One of the grounds on which Respondents demurred to the conversion cause of action was that Hayden could not add a new cause of action after a demurrer to a prior complaint had been sustained with leave to amend.[2] In his opening brief, Hayden does not claim that this ground was erroneous. Thus, he has forfeited any challenge to this ground.

---

[2] Respondents also demurred to the operative complaint as a whole on the ground that it was unclear which cause(s) of action were asserted against which defendant(s). (See Cal. Rules of Court, rule 2.112.) This was a special demurrer for uncertainty. (Code Civ. Proc., § 430.10, subd. (f).) "When the trial court sustains a demurrer without leave to amend in general terms, we must assume that the court ruled only on the general demurrer and not on the special demurrer. [Citation.]" (*Rogoff v. Grabowski* (1988) 200 Cal.App.3d 624, 628.)

12

In his reply brief, Hayden belatedly claims this was error because the trial court must have taken judicial notice of the truth of the facts alleged in the prior complaint. Not so. It simply had to look at whether the prior complaint contained a conversion cause of action or not. "Following an order sustaining a demurrer or a motion for judgment on the pleadings with leave to amend, the plaintiff may amend his or her complaint only as authorized by the court's order. [Citation.] The plaintiff may not amend the complaint to add a new cause of action without having obtained permission to do so, unless the new cause of action is within the scope of the order granting leave to amend. [Citation.]" (*Harris v. Wachovia Mortgage, FSB* (2010) 185 Cal.App.4th 1018, 1023 [Fourth Dist., Div. Two].) Hayden has not shown that that was the case here.

Respondents also demurred to the conversion cause of action on the ground that it improperly contradicted the allegations of earlier complaints that Hayden had agreed that the $37,064 could be applied to his loan balance.

Once again, Hayden claims this was error because the trial court must have taken judicial notice of the truth of the facts alleged in the original complaint. However, it does not matter whether the original complaint or the amended complaint (or neither) was true; all that mattered was that the original complaint contained allegations inconsistent with the amended complaint. "'[U]nder the sham pleading doctrine, plaintiffs are precluded from amending complaints to omit harmful allegations, without explanation, from previous complaints to avoid attacks raised in demurrers or motions for summary judgment. [Citations.]' [Citation.]" (*State of California ex rel. Metz v. CCC Information*

13

*Services, Inc.* (2007) 149 Cal.App.4th 402, 412.)  Hayden never offered an explanation for his change of position.  Accordingly, the trial court properly sustained the demurrer.

B.     *The Negligence Cause of Action.*

The alleged negligence consisted of (1) foreclosing based on a trust deed that Respondents knew was "false" and "fraudulent," and (2) failing to determine whether Wells Fargo and Acqura "had any right or title to the property . . . ."

Respondents demurred to the negligence cause of action on grounds including that Hayden had ratified the trust deed by attempting to obtain a loan modification.  As mentioned, the original complaint had alleged that he entered into an agreement with Acqura and Wells Fargo to have the $37,064 in insurance proceeds applied to the loan to bring it current.  The operative complaint alleged instead that Respondents were supposed to release the $37,064 to pay for the cleanup of the property but converted it to their own use.

Hayden's *only* argument as to why it was error to sustain the demurrer based on ratification is that supposedly the trial court erred by considering the original complaint for its truth.  Once again, however (see part VII.A, *ante*), all that mattered was that the operative complaint contradicted the original complaint on this point.

Hayden does *not* argue that the allegations of the original complaint were insufficient to demonstrate ratification.  He does not suggest any reason why ratification should not apply here.  We deem him to have forfeited any such contention.

14

C.      *The Fraud Cause of Action.*

The alleged fraud consisted of promises by Respondents that they would disburse the $37,064 in insurance proceeds to pay for the cleanup of the property.[3]  Once again, this contradicted, without any explanation, the allegations of the original complaint that the $37,064 was to be applied to the loan balance.  And once again, the trial court was entitled to take judicial notice of the existence of the earlier allegation; by doing so, it was not taking judicial notice of its truth.

D.      *The Negligent Infliction of Emotional Distress Cause of Action.*

The alleged negligent infliction of emotional distress consisted of attempting to foreclose based on a forged and fraudulent trust deed.  Respondents demurred to this cause of action on the ground that the complaint did not allege a tort duty.

Hayden never explains why it was supposedly error to sustain the demurrer to this cause of action.  His standard argument — that the trial court erred by taking judicial notice of the truth of facts stated in documents — does not appear to apply; Respondents' demurrer to this cause of action was not based on any of the documents of which they requested judicial notice.  We conclude that Hayden has forfeited any such claim of error.

---

[3]      The fraud cause of action incorporated all of the general allegations of the operative complaint; these included that the foreclosure was based on "false claims of ownership of the property" and a "false trust deed."  However, it never alleged any reliance on or any damages from these supposed falsehoods.  Thus, it does not appear that they were part of the basis for the fraud cause of action.

15

# VIII

## DEMURRER TO THE QUIET TITLE ACTION

Hayden contends that the trial court erred by sustaining the demurrer to the quiet title action.

One of the grounds of the demurrer was that Hayden had ratified the trust deed by attempting to obtain a loan modification. As we noted in connection with the negligence cause of action (see part VII.B, *ante*), the trial court was entitled to consider the allegations of the original complaint in the consolidated action, and Hayden does not argue that those allegations fell short of showing ratification.

Another ground of the demurrer was that the complaint did not allege sufficient facts, with sufficient particularity, to show that the trust deed was fraudulent or invalid. In the operative complaint, Hayden admits that he did sign a trust deed. The only difference that he identifies between trust deed he signed and the trust deed that was recorded is that the former was initialed on every page and the latter is not.

"Generally, an instrument is enforceable between the parties even though it is not recorded. For example, . . . a deed of trust, when duly executed and delivered, conveys the title or lien to the . . . beneficiary and is enforceable against the . . . trustor even though it is not recorded." (Miller & Starr, Cal. Real Estate (3d ed. 2014) § 11:2, fns. omitted.) The complaint does not allege — and Hayden does not explain — why Respondents do not have the same rights under the original trust deed that they are claiming under the recorded trust deed. Thus, it fails to state a cause of action.

Hayden argues that the trial court erred by taking judicial notice that the recorded trust deed was genuine. However, given the admissions in the complaint itself, the trial court did not need to do so. Otherwise, Hayden never explains why the demurrer could not be sustained on this ground. We conclude that he has forfeited any other challenge to sustaining the demurrer on this ground.

IX

REQUEST FOR DISMISSAL

Briefing of this case was concluded in February of 2014, seven months ago, and a tentative opinion had been drafted. On September 16, 2014, we received a stipulated agreement from the parties requesting dismissal of this action.

An appellant may not dismiss an appeal as a matter of right. (*Huschke v. Slater* (2008) 168 Cal.App.4th 1153, 1160 [imposing $6,000 sanctions on attorney for unreasonable delay in notifying appellate court that parties had settled and dismissed the underlying case].) Rather, pursuant to California Rules of Court, rule 8.244(c)(2), "On receipt of a request or stipulation to dismiss, the court *may* dismiss the appeal and direct immediate issuance of the remittitur." (Italics added.) Thus, dismissal is discretionary and we exercise our discretion to grant the request.

At the same time, we note that while we strongly encourage parties to resolve their differences, if possible, through settlement, once the case has been fully briefed, it is assigned to a justice for preparation of a tentative opinion. To that end, valuable court resources are engaged in reviewing the entire record, researching the issues raised, and

17

drafting the tentative opinion.  Out of courtesy to the court and all parties involved, when settlement of a case is being discussed, the party initiating those settlement discussions should request a stay of further action in order to avoid wasting valuable judicial resources.

## X

## DISPOSITION

The appeal is dismissed.  The parties shall bear their own costs.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RICHLI_____
Acting P. J.

We concur:


KING_____
    J.


MILLER_____
    J.