[Civ. No. 14816.   Second Dist., Div. Two.   May 2, 1945.]

JIM ERWING, Respondent, v. NED H. JONES, Appellant.

Willis O. Tyler and Theodore Robinson for Appellant.

Walter L. Gordon, Jr., for Respondent.

WOOD (W. J.), J.—In his complaint plaintiff alleges that on October 4, 1941, he and defendant became partners in a concern known as Prize Winner Insecticide and Disinfectant Company, organized for the purpose of manufacturing and selling insecticides; he asked that by court order the partnership be dissolved, the firm's debts be paid, the surplus, if any, be divided between the two partners; and that the court decree the rights of the partners in and to the formulas for the insecticides.

In its findings the court designated the activities of plaintiff and defendant as a joint adventure instead of a partnership, and this designation appears to be satisfactory to the parties. The court found that by agreement of the parties defendant was to furnish to the joint adventure formulas for the manufacture of insecticides known as "Freezit," "Destructo" and "Liquid Fire," the agreed value of which was the sum of $1,500; and plaintiff was to furnish advertising "in the amount of $1500 and all profits made from said advertising were to be equally divided between the parties"; that the formulas and advertising were furnished in accordance with the agreement. The court further found that "the profit of the joint adventure consisted of the formulas to the aforesaid insecticides, tables and materials for manufacturing said insecticides." The court further found that defendant had applied some of the receipts from the sale of the merchandise of the joint adventure to his own use. The court entered an order, designated "interlocutory judgment," in which the dissolution of the joint adventure was decreed, and of its own motion appointed Mark S. Feiler as referee "to take and state an account of all dealings and transactions had between plaintiff and defendant in the aforesaid joint adventure."

The referee made his report to the court and at a hearing by the court the objections to the report made by defendant were overruled. The court thereupon entered a judgment by which the joint adventure was dissolved and by which it was adjudged that plaintiff and defendant are equally entitled

to use the trade names "Liquid Fire," "Destructo" and "Freezit," "including their respective ingredients in the future manufacture of said insecticides." The court also ordered defendant to deliver to plaintiff a copy of each of the formulas, to pay plaintiff the sum of $3.50 in cash and to deliver to plaintiff a specified number of gallons of distillate oil and "Liquid Fire." The court ordered that each party "share equally in the loss of the joint adventure amounting to the sum of $231.32 and that each party is entitled to one-half of the uncollected accounts after their collection." Defendant has appealed from this judgment, which was based upon the report of the referee.

■ Defendant now argues that the judgment finally entered is not in conformity with the interlocutory decree and that the referee was appointed for the sole purpose of taking an accounting of the financial transactions of the parties; that he exceeded his authority in reporting on the issue of the ownership of the formulas. Although the procedure followed and the steps taken in the case were not in the most approved method, nevertheless there is no justification for interfering with the court's judgment. Apparently the court intended the referee to make the decisions which he made and to report to the court on the issues on which a report was made. The court expressly found the existence of a joint adventure in which the parties had contributed equal shares and concluded that the parties should share equally in the profits of the concern. The court appointed a referee "to take and state an account of all dealings and transactions" between the parties. Authority for the making of this order is to be found in section 639 of the Code of Civil Procedure, which especially authorized the court to order the referee to report on an issue of fact if the trial required the examination of a long account. In such a case a referee may be directed to hear and decide the whole issue. (See *Williams* v. *Benton,* 24 Cal. 424.)

We find no error which has resulted in prejudice to defendant. The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.