Filed 5/27/22  Balquist v. Ballard CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| JOHN BALQUIST, Petitioner and Respondent, v. MATT BALLARD, Appellant. | A161293 (Alameda County Super. Ct. No. RP18905104) |

Matt Ballard appeals from an order granting the petition of respondent John Balquist to approve his accounting as trustee of the Darlene Pyshora Trust (Trust) and denying Ballard's cross-petition objecting to various acts by Balquist as trustee.  We reverse.

## I.  BACKGROUND

Darlene Pyshora had three living adult children: Ballard, Michael Pyshora and Margo Moore.  Darlene[1] executed the Trust in 1995 and an amendment and restatement of that Trust on June 20, 2016.  Balquist was named as Trustee in the 2016 amendment and served during Darlene's lifetime at an agreed hourly rate of $150 per hour.

_____

[1] With the exception of the two parties to this lawsuit, whom we refer to by last name, we use first names to ease the task of the reader.

1

Among other things, the Trust provided that upon Darlene's death, Michael would receive a house located on Bass Drive in Vacaville. Ballard would receive Darlene's interest in a condominium located in Hawaii, and the proceeds from liquidation of the Trust assets would be split between the children, 45 percent to both Ballard and Margot and 10 percent to Michael.

Darlene died on August 16, 2016. On May 3, 2017, Michael died intestate and was survived by two sons: Kevon Spier and Hunter Pyshora, who received Michael's share of the trust.

Balquist filed a verified "Petition for Approval of Trustee John Balquist's Second Account,"[2] seeking approval of the second accounting and actions taken in the administration of the Trust. Ballard filed a verified "Cross-Petition Objecting to Actions of Trustee; Seeking Rejection of Trustee's Claim for Fees and Attorney's Fees; and Surcharging Trustee for Breach of Trust."

Ballard's cross-petition alleged that Balquist's hourly fee of $150 and the total amount of trustee fees billed (about $100,000 on a trust worth less than $1 million) was excessive, that Balquist had incurred expenses that were not reasonable, that he had unreasonably delayed in transferring Michael's interest in the Bass Street property to his heirs and had unnecessarily sought court permission to do so, that Balquist had failed to rent out the Bass Street property, and that Balquist had delayed in taking the steps necessary to transfer the Hawaii condominium to Ballard. Balquist filed a response stating, among other things, that the fee was reasonable and had been agreed to by Darlene, and that the hours billed were necessary in light of Ballard and Margot's initial posture that Michael's share should lapse at the time of his death, as well as Ballard and Hunter's conduct with regards

---

[2] Balquist had provided an informal first account to the beneficiaries.

2

to the Bass Drive property and complications regarding the transfer of the Hawaii condo, which was not held in the name of the Trust.

The court referred the matter to a referee (Ryan J. Szczepanik) for an accounting under Code of Civil Procedure section 639, subdivision (a)(1).[3] Its written order identified the following as included in the reference: "Petition for Approval of Trustee John Balquist's Second Account and Report for Darlene Pyshora Living Trust and any issue related to the Account that is raised in Matt Ballard's Cross-Petition. The referee's report shall identify which issue in the Cross-Petition is addressed by the referee's report and which issue, if any, remains." Ballard objected orally and in writing to the appointment of a referee.

The referee held an evidentiary hearing at Ballard's request on December 5, 2019. Balquist did not present any affirmative evidence, but made himself available for cross-examination and was questioned by Ballard. Balquist's billing records were not before the referee. During closing argument, Ballard argued that the accounting should not be approved because Balquist had presented no evidence supporting the accounts and had not carried his burden of proof.

The referee issued a written decision in which he recommended approval of the accounting with the exception of fees incurred attempting to have the Hawaii condominium declared Trust property, as that property was beyond the territorial limits of the court. The court held a hearing and ordered the referee to conduct a further hearing in which the billing records of the Trustee were considered. Ballard argued to the court that Balquist

---

[3] Further statutory references are to the Code of Civil Procedure unless otherwise indicated.

3

had failed to carry his burden of proving the correctness of the account and should not be given another opportunity to do so.

On May 15, 2020, the referee issued a supplemental report in which he indicated that he had reviewed Balquist's billing records and those of his attorneys. The referee found that the billing records were complete and matched the amount stated in the accounting. He recommended that the court approve the accounting, with the exception of the fees incurred filing the petition to have the Hawaii condominium declared Trust property. The court adopted the referee's recommendations and approved the accounting.

## II. DISCUSSION

A. *Scope of Reference*

Section 639, subdivision (a)(1) provides, "When the parties do not consent, the court may, upon the written motion of any party, or of its own motion, appoint a referee in the following cases pursuant to the provisions of subdivision (b) of Section 640: [¶] (1) When the trial of an issue of fact requires the examination of a long account on either side; in which case the referee may be directed to hear and decide the whole issue, or report upon any specific question of fact involved therein." Ballard argues that the case should not have been heard by a referee because it did not involve a "long" account and the cross-petition presented issues that fell outside the accounting. We disagree.

Ballard cites no authority for the proposition that the court abused its discretion by referring the case for an accounting on the theory that the accounts were not "long" enough or complex enough to warrant a reference. (See *Reed v. Reed* (1953) 118 Cal.App.2d 399, 400 [reviewing for abuse of discretion a decision whether to refer a case under § 639].) We note that the statements of the account attached to the petition for approval of the second

4

accounting were 13 pages in length and the billing records submitted to the referee at the second evidentiary hearing exceeded 100 pages in length. The purpose behind a reference under section 639, subdivision (a)(1)—to enable the account to be examined more efficiently and inexpensively than if the trial court undertook the task—was satisfied here. (See *De Guere v. Universal City Studios, Inc.* (1997) 56 Cal.App.4th 482, 499-500 (*De Guere*) [regarding purpose of a reference under § 639, subd. (a)(1)].)

As to the argument that the referee exceeded his powers under section 639, Ballard relies primarily upon *De Guere*, *supra*, 56 Cal.App.4th at pp. 499-504. There, the court noted that "[t]he proper scope of a referee's authority under section 639, subdivision (a) must be defined in a way that comports with [] the constitutional limitation on delegation of judicial power." (*Id.* at pp. 500-501.) California Constitution, article VI, section 22 "prohibits the delegation of judicial power except for the performance of subordinate judicial duties." (*Id.* at p. 496.)

In *De Guere*, the court referred the case to a referee for an accounting in an action for breach of contract and other causes of action based on the plaintiff's alleged entitlement to profits from a television series he created. (*De Guere*, *supra*, 56 Cal.App.4th at pp. 487-489.) In addition to matters relating to the accounting, the referee considered a number of legal issues relating to the interpretation of the underlying contract, including its enforceability and the proper method of interpreting ambiguities. (*Id.* at pp. 492-493.) The court concluded that by making such findings, the referee exceeded the scope of the reference by resolving questions of law that were the province of the trial court. (*Id.* at p. 501.)

Here, by contrast, the issues raised in Ballard's cross-petition and resolved by the referee all involved challenges to the charges underlying the

accounting itself, and whether Balquist's actions were necessary and proper. "If there be but one issue in the action, and that issue involves the examination of a long account, the whole case may be sent to a referee. . . ." (*Williams v. Benton* (1864) 24 Cal. 424, 425; cf. *Erwing v. Jones* (1945) 69 Cal.App.2d 97, 99 (*Erwing*) [referee properly determined ownership of profits; § 639 authorized the court to order the referee to report on an issue of fact if the trial required the examination of a long account].)

The referee determined that the $150-an-hour trustee fee was reasonable, approved the provision of most services by the trustee, and rejected the cross-petition's various arguments that Balquist had breached his duties. These issues went beyond whether the accounting was mathematically correct. But they involved the validity of the charges and were not discrete from the accounting itself. This differentiates the case from *De Guere*, in which the issues relating to the contract's validity, which were found unsuitable for resolution by the referee in that case, were distinct from the question presented by the accounting, namely, how the profits should be distributed assuming a certain interpretation of the contract. In this case, the referee was authorized under section 639 to report on an issue of fact because the trial court required the examination of a long account and the issues of fact were part and parcel of the accounting. (*Erwing, supra*, 69 Cal.App.2d at p. 99.)

Ballard also argues the reference was procedurally flawed because the court's order referring the case did not state a reason for the reference or the subparagraph under section 639, subdivision (a) under which it was made, because the referee was appointed by the court unilaterally with no input from the parties, and because there was no finding Ballard had an ability to pay. As to the first claim, it appears the order *did* state the reason for the

6

reference and that it was made under section 639, subdivision (a)(1). As to the other claims, Ballard filed opposition to the appointment of a referee, but he did not object to the identity of the referee or complain that he lacked an ability to pay the fees. He has forfeited the claims.

B. *Burden of Proof*

Ballard contends the order approving the accounting should be reversed because Balquist did not carry his burden of proving his accounts were necessary and proper. We agree, because although the petition alleged facts that would have supported approval of the accounting, that petition was not admissible and there was no other admissible proof of the necessity and propriety of the accounts.[4]

Trustees are obliged not only "to render to beneficiaries a full account of all their dealings with the trust property," but also "to prove every item of their account by 'satisfactory evidence.' " (*Estate of McCabe* (1950) 98 Cal.App.2d 503, 505; see also *Neel v. Barnard* (1944) 24 Cal.2d 406, 420 (*Neel*).) While a trustee is not "required to anticipate and defend against charges of dereliction of duty and malfeasance which do not arise from anything on the face of his accounts but are grounded on other matters" (*Neel* at p. 420), it is the burden of a trustee to prove the correctness of his or her accounts (*ibid*; *Purdy v. Johnson* (1917) 174 Cal. 521, 527).

"When a personal representative files an account, it is properly made under oath, and, generally speaking, if the account is not questioned this is sufficient proof of the verity of the entries." (*Estate of Miller* (1968) 259 Cal.App.2d 536, 549.) If the accounting is contested, however, it must be

---

[4] The rules of evidence applicable to judicial proceedings also apply to a hearing before a referee. (*Sy First Family Ltd. Partnership v. Cheung* (1999) 70 Cal.App.4th 1334, 1341; Evid. Code, § 300.)

resolved at an evidentiary hearing with competent evidence, and the verified pleading of the trustee in support of his account is not sufficient to support approval. (*Evangelho v. Presoto* (1998) 67 Cal.App.4th 615, 621; *Estate of Lensch* (2009) 177 Cal.App.4th 667, 676 (*Lensch*); see *Estate of Bennett* (2008) 163 Cal.App.4th 1303, 1309.) "Probate Code section 1022 provides, '[a]n affidavit or verified petition shall be received as evidence when offered in an uncontested proceeding under this code.' Thus, when challenged in a lower court, affidavits and verified petitions may not be considered as evidence at a contested probate hearing." (*Evangelho* at p. 620.)

Ballard sent out an email in advance of the hearing before the referee objecting to resolution of the issues through argument and affidavit and demanding an evidentiary hearing. Thus, the proceeding was contested, and under Probate Code section 1022 Balquist could not rely on his verified petition as evidence to support his position that the accounting should be approved. Yet his counsel presented no affirmative evidence at the hearing before the referee and argued only that verified pleadings were properly considered in probate proceedings. As noted, this is not the law when the proceeding is contested.

When Ballard commenced cross-examination of Balquist, the record indicates the petition for approval of the second accounting was marked for identification. But Ballard did not move to have it admitted as evidence, did not examine Balquist regarding its contents, and argued during closing argument that Balquist could not rely on his petition to prove his account in a contested hearing and had failed to carry his burden of proof. Under the circumstances, he cannot be deemed to have agreed to have the verified petition considered as evidence of its contents.

Although Balquist presented himself for cross-examination at the hearing before the referee and was in fact cross-examined, he did not in that testimony establish that his accounts were necessary and proper. There was no evidence apart from the petition itself from which the referee could have recommended approval of the accounts, and the petition could not be considered as evidence.

At oral argument and in supplemental briefing, Ballard has argued that because Balquist failed to present *any* evidence to meet his burden of proof, and because his motion for judgment should have been granted, we should simply order judgment entered in his favor rather than remanding the case for further proceedings. We disagree. When a court improperly considers an affidavit that should have been excluded as evidence, the proper remedy is a remand for a new hearing, and we shall employ that remedy here. (*Target National Bank v. Rocha* (2013) 216 Cal.App.4th Supp. 1, 9-10; *Lensch*, *supra*, 177 Cal.App.4th at p. 676.)

Ballard argues that this is not a case in which inadmissible evidence was offered and considered by the court (referee); instead, Balquist failed to offer any evidence at all. But the referee's report, which was adopted by the court, expressly considered the verified petition as evidence supporting his recommendation that the petition be granted. The referee's reliance on the petition as evidence brings this case in line with those authorities supporting a remand when evidence is erroneously considered.

C. *Remaining Issues*

Ballard argues that Balquist's fees should be disallowed because Balquist did not adequately document his time. Our conclusion that the evidence at the referral hearing did not support an order approving the accounts makes it unnecessary to consider this issue on appeal. We note,

9

however, that the billing statements were provided to the referee after the first hearing and reviewed before he issued his supplemental report.

Ballard also argues that the evidence justifies a finding that Balquist should be surcharged for various acts of malfeasance (refusing to account, delay in transferring the Hawaii condominium, and initiating litigation over Bass Drive). Ballard did not present any evidence to support his cross-petition, and it was properly denied. "The beneficiary of the trust has the initial burden of proving the existence of a fiduciary duty and the trustee's failure to perform it; the burden then shifts to the trustee to justify its actions." (*LaMonte v. Sanwa Bank California* (1996) 45 Cal.App.4th 509, 517; see also *Van de Kamp v. Bank of America* (1988) 204 Cal.App.3d 819, 853.)

## III.  DISPOSITION

The judgment (order approving second accounting) is reversed, and the matter is remanded for further proceedings consistent with this opinion. On remand, the court may elect to hold a hearing regarding the accounting, or it may elect to return the matter for hearing before a referee. Ordinary costs on appeal to appellant.

 

_____

SIMONS, J.

We concur.

_____

JACKSON, P. J.

_____

BURNS, J.

(A161293)